1  MARC J. SCHNEIDER, SBN 214609
   mschneider@sycr.com
2  LAURA FLEMING, SBN 219287
   lfleming@sycr.com
3  STEPHEN L. RAM,  SBN 240769
   sram@sycr.com
4  RYAN W. SMITH, SBN 272361
   rsmith@sycr.com
5  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
6  660 Newport Center Drive, Suite 1600
   Newport Beach, California  92660-6441
7  Telephone:  (949) 725-4000
   Fax:  (949) 725-4100
8
   Attorneys for Defendants
9  LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP,
   G.P., JOHN VASQUEZ, and GARY HOYER
10

FILED

2011 FEB 25  PM 3: 50

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY _____

11

12          IN THE UNITED STATES DISTRICT COURT

13       FOR THE CENTRAL DISTRICT OF CALIFORNIA

14               SOUTHERN DIVISION

15
   JAMES BADAME, KEVIN RIEKE,          | Case No.    SACV11-00326 DOC (Ex)
16 JAMES KURRACK, ELIZABETH             |
   MITCHELL, FRANCIS LAU,               |
17 ABOBAKER TUKHI, and CRAIG            | DEFENDANTS LOANGENIE,
   SUNADA,                              | INC., NEWPORT CAPITAL
18                                      | ASSET MANAGEMENT
                Plaintiffs,             | GROUP, G.P., JOHN VASQUEZ,
19                                      | AND GARY HOYER'S NOTICE
        v.                              | OF REMOVAL OF ACTION
20                                      | FROM STATE COURT TO
   LOANGENIE, INC., a business entity;  | FEDERAL COURT UNDER 28
21 NEWPORT CAPITAL ASSET                | U.S.C. § 1441(b)
   MANAGEMENT GROUP, G.P., a            | (FEDERAL QUESTION)
22 business entity; JOHN VASQUEZ, an    |
   individual; GARY HOYER, an           |
23 individual; and DOES 1 through 250,  |
   inclusive,                           |
24                                      |
                Defendants.             |
25
26
27
28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

NOTICE OF REMOVAL

LITIOC/2009640-2/010000-0000

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND THE PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(b) and the procedures set forth in 28 U.S.C. § 1446, Defendants LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., JOHN VASQUEZ, and GARY HOYER (collectively, "Defendants") hereby remove the above-referenced case from the Superior Court of the State of California for the County of Orange, to the United States District Court for the Central District of California. Defendants plead as follows regarding the grounds for removal:

1.     On January 14, 2011, Plaintiffs James Badame, Kevin Rieke, James Kurrack, Elizabeth Mitchell, Francis Lau, Abobaker Tukhi, and Craig Sunada filed suit against Defendants in the Superior Court of the State of California for the County of Orange. The Complaint is captioned as: <u>Badame, et al. vs. Loangenie, Inc., et al.</u>, Case No. 30-2011 00441203 (California Superior Court, County of Orange). A true and correct copy of Plaintiffs' Complaint is attached hereto as Exhibit A, along with all other process, pleadings, orders, and other papers filed and received by Defendants.

2.     This is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367(a), and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b) in that it is a civil action arising under the Constitution, laws, or treaties of the United States and involves claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 1 -

NOTICE OF REMOVAL

LITIOC/2000640v2/019999-0000

1    3.    The Complaint alleges that Defendants purportedly made a series of

2 representations to Plaintiffs, including representations about employee wages,

3 during negotiations for the sale of a company.   (Compl. ¶¶ 17-22.)  The

4 Complaint also alleges that Defendants purportedly failed to pay these wages,

5 and thus violated the Fair Labor and Standards Act, 29 U.S.C. § 206(a).  (Compl.

6 ¶¶ 49-56.)  Based upon this same or related conduct, Plaintiffs' Complaint also

7 alleges state law claims for violation of  California Labor Code Section 200,

8 promissory estoppel, breach of contract, fraud, and negligent misrepresentation.

9 (Compl. ¶¶ 23-48.)

10    4.    Removal is timely filed.  Pursuant to 28 U.S.C. § 1446(b), "[t]he

11 notice of removal of a civil action or proceeding shall be filed within thirty days

12 after the receipt by the defendant, through service or otherwise, of a copy of the

13 initial pleading."  Plaintiffs served the Summons and Complaint on the

14 Defendants on or about January 27, 2011.  Accordingly, this Notice of Removal

15 is timely filed under 28 U.S.C. § 1446(b).

16    5.    Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the United States

17 District Court for the Central District of California is the appropriate court for

18 filing a Notice of Removal from the California Superior Court for the County of

19 Orange, where the action was filed.

20    6.    Copies of all pleadings, process and orders served upon Defendants

21 in this action are attached hereto as Exhibit A in accordance with 28 U.S.C. §

22 1446(a).

23    7.    A copy of this Notice of Removal is being served on counsel for the

24 Plaintiffs and is being filed contemporaneously with the Superior Court of the

25 State of California, County of Orange, as required by 28 U.S.C. § 1446(d).

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

- 2 -
NOTICE OF REMOVAL
LITIOC/2000640v2/019999-0000

1    WHEREFORE, Defendants hereby give notice that this action is removed

2    from the Superior Court of the State of California for the County of Orange to the

3    United States District Court for the Central District of California.

4

5    DATED:  February 25, 2011          STRADLING YOCCA CARLSON &
                                        RAUTH
6                                       A Professional Corporation

7

8                                       By: _____
                                            Marc J. Schneider
9                                           Laura Fleming
                                            Stephen L. Ram
10                                          Ryan W. Smith
                                            Attorneys for Defendants
11                                          LOANGENIE, INC., NEWPORT
                                            CAPITAL ASSET
12                                          MANAGEMENT GROUP, G.P.,
                                            JOHN VASQUEZ, and GARY
13                                          HOYER

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
   LAWYERS
 NEWPORT BEACH

- 3 -
NOTICE OF REMOVAL

LITIOC/2000640v2/019999-0000

# Exhibt A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Brent S. Buchsbaum, CSBN: 194816
Laurel N. Haag, CSBN: 211279
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802
TELEPHONE NO.: (562)432-8933  FAX NO.: (562)435-1656
ATTORNEY FOR *(Name):* James Badame, et al., Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS: 700 Civic Center Drive West
CITY AND ZIP CODE: Santa Ana, California 90271
BRANCH NAME: Central

CASE NAME: BADAME, et al. v. LOANGENIE, INC., et al.

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 4 2011

ALAN CARLSON, Clerk of the Court

*S. Rincon*

BY A. RINCON

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER 30-2011 |
|---|---|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | 0 0 4 4 1 2 0 3 |
| | | | | JUDGE JAMES J. DI CESARE DEPT. C18 |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[X] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply):* a. [X] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [X] punitive

**4.** Number of causes of action *(specify):* Six (6)

**5.** This case [ ] is [X] is not  a class action suit.

**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 14, 2011

Brent S. Buchsbaum, CSBN: 194816
(TYPE OR PRINT NAME)  ► *[signature]* (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

Legal Solutions Plus

EXHIBIT A, p.000004

**SUMMONS**
*(CITACION JUDICIAL)*

SUM-100

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:** LOANGENIE, INC., a business entity;
*(AVISO AL DEMANDADO):* NEWPORT CAPITAL ASSET
MANAGEMENT GROUP, G.P., a business entity; JOHN VASQUEZ,
an individual; GARY HOYER, an individual; and DOES 1 through 250,
inclusive;

**YOU ARE BEING SUED BY PLAINTIFF:** JAMES BADAME, KEVIN
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):* RIEKE, JAMES
KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER
TUKHI, and CRAIG SUNADA

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 4 2011

ALAN CARLSON, Clerk of the Court

*A. Rincon*

BY A. RINCON

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Orange County Superior Court
700 Civic Center Drive West
700 Civic Center Drive West
Santa Ana, California 90271

CASE NUMBER:
*(Número del Caso):*
00441203

30-2011

**JUDGE JAMES J. DI CESARE**
**DEPT. C18**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Gary R. Carlin, CSBN: 44945          (562)432-8933          (562)435-1656
Law Offices of Carlin & Buchsbaum, LLP
555 East Ocean Blvd., Suite 818
Long Beach, California 90802

DATE:
*(Fecha)* JAN 1 4 2011     ALAN CARLSON     Clerk, by *A. Rincon*, Deputy
                                             *(Secretario)*     AMANDA RINCON     *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)              ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

EXHIBIT A, p.000005

ORIGINAL

1  **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
   GARY R. CARLIN, CSBN: 44945
2  *gary@carlinbuchsbaum.com*
   BRENT S. BUCHSBAUM, CSBN: 194816
3  *brent@carlinbuchsbaum.com*
   LAUREL N. HAAG, CSBN: 211279
4  *laurel@carlinbuchsbaum.com*
   555 East Ocean Blvd., Suite 818
5  Long Beach, California 90802
   Telephone: (562)432-8933
6  Facsimile: (562)435-1656

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JAN 1 4 2011

ALAN CARLSON, Clerk of the Court
*A. Rincon*
BY A. RINCON

7  Attorneys for Plaintiff JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH
8  MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA

9            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF ORANGE   **30-2011**

11                                    **0 0 4 4 1 2 0 3**

12  JAMES BADAME, KEVIN RIEKE, JAMES        CASE NO.
13  KURRACK, ELIZABETH MITCHELL,
    FRANCIS LAU, ABOBAKER TUKHI, and       **COMPLAINT FOR DAMAGES FOR:**
14  CRAIG SUNADA,
                                           **(1) PROMISSORY ESTOPPEL;**
15              Plaintiffs;
                                           **(2) FRAUD;**
16      vs.
                                           **(3) NEGLIGENT**
17  LOANGENIE, INC., a business entity;    **MISREPRESENTATION;**
    NEWPORT CAPITAL ASSET MANAGEMENT
18  GROUP, G.P., a business entity; JOHN   **(4) BREACH OF ORAL CONTRACT;**
    VASQUEZ, an individual; GARY HOYER, an
19  individual; and DOES 1 through 250, inclusive;  **(5) UNPAID WAGES IN VIOLATION**
                                           **OF LABOR CODE SECTION 200 ET**
20              Defendants.                **SEQ. and**

21                                         **(6) VIOLATION OF THE FAIR**
                                           **LABOR STANDARDS ACT;**
22

23                                         [JURY TRIAL DEMANDED]
                                           **JUDGE JAMES J. DI CESARE**
24                                         **DEPT. C18**
    COMES NOW the Plaintiffs, (who hereinafter shall collectively be referred to as the
25
    "Plaintiffs" or individually as "BADAME", "RIEKE", "KURRACK", "MITCHELL",
26
    "LAU" "TUKHI", or "SUNADA"), who hereby respectfully allege, aver, and complain, as
27
    follows:
28

                                    -1-

## INTRODUCTION

1.  This is an action brought by the Plaintiffs pursuant to California statutory and decisional laws.

2.  Plaintiffs allege that California statutory and decisional laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiffs have an entitlement to monetary relief on the basis that Defendants violated such statutes and decisional law.

## JURISDICTION AND VENUE

3.  Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Orange County Superior Court Rules.

4.  Venue in this Court is proper in that the circumstances and events giving rise to the causes of action herein alleged took place at the parties' business address located in the City of Newport, County of Orange, State of California.

## PARTIES

5.  Plaintiff JAMES BADAME, at all times relevant herein mentioned, is and has been a resident of Los Angeles County, State of California.   Plaintiff BADAME was President and Chief Executive Officer of Siena Acceptance Corporation (SAC) until SAC was sold to Defendant LOANGENIE in April 2009, after which time Plaintiff BADAME was retained by Defendant LOANGENIE, successor to SAC, as Chief Strategy Officer.

6.  Plaintiff KEVIN RIEKE, at all relevant times herein mentioned, is and has been a resident of Los Angeles County, State of California, and at all relevant times herein mentioned, the

EXHIBIT A, p.000007

1   Chief Financial Officer of SAC.

2

3  7.   Plaintiff JAMES KURRACK, at all relevant times herein mentioned, is and has been a

4      resident of Riverside County, State of California, and at all relevant times herein mentioned,

5      Chief Administrative Officer and Director of Servicing of SAC.

6

7  8.   Plaintiff ELIZABETH MITCHELL, at all relevant times herein mentioned, is and has been a

8      resident of Riverside County, State of California, and at all relevant times herein mentioned,

9      Funding Manager and Compliance Officer of SAC.

10

11  9.   Plaintiff FRANCIS LAU, at all relevant times herein mentioned, is and has been a resident of

12      the State of California, and at all relevant times herein mentioned, Chief Information and

13      Technology Officer of SAC.

14

15  10.  Plaintiff ABOBAKER TUKHI, at all relevant times herein mentioned, is and has been a

16      resident of the State of California, and at all relevant times herein mentioned, Assistant Vice

17      President and Senior Credit Officer of SAC.

18

19  11.  Plaintiff CRAIG SUNADA, at all times relevant herein mentioned, is and has been a resident

20      of the State of California, and at all relevant times herein mentioned, Credit Manager of

21      SAC.

22

23  12.  Plaintiffs allege that Defendant LOANGENIE, INC. (hereinafter sometimes referred to as

24      "LG") at all times herein mentioned, is and has been a business entity with the capacity to sue

25      and to be sued, and doing business, with a principal place of business located in City of

26      Newport, County of Orange, State of California.

27

28  13.  Plaintiffs allege that Defendant NEWPORT CAPITAL ASSET MANAGEMENT GROUP,

-3-

G.P., (hereinafter sometimes referred to as "NCAMG") at all times herein mentioned, is and has been a business entity with the capacity to sue and to be sued, and doing business, with a principal place of business located in City of Newport, County of Orange, State of California.

14.  Plaintiffs allege that Defendant JOHN VASQUEZ (hereinafter sometimes referred to as "VASQUEZ") is and at all relevant times herein mentioned has been a resident of Orange County, State of California, and at all relevant times herein mentioned, the Chief Executive Officer and Chairman of the Board of Directors of Defendant LOANGENIE.

15.  Plaintiffs allege that Defendant GARY HOYER ("hereinafter sometimes referred to as "HOYER") was at all relevant times herein mentioned, the President of Defendant LOANGENIE.   Plaintiffs are informed and believe that Defendant HOYER is a resident of City of Trenton, County of Mercer, State of New Jersey.  Plaintiffs are further informed and believe that at all times herein mentioned HOYER had sufficient minimum contacts with the State of California such that this Court's assertion of jurisdiction over Defendant HOYER does not offend traditional notions of fair play and substantial justice; that Defendant HOYER committed the unlawful acts as alleged herein either while physically present in the State of California or purposely directed his activities at the State of California with knowledge that his conduct would cause harm in this state.

16.  The true names and capacities of the Defendants named herein as DOES 1 through 250, inclusive, whether individual, corporate, partnership, association or otherwise, are unknown to Plaintiffs who therefore sue these defendants by such fictitious names.  Plaintiffs will request leave of court to amend this Complaint to allege their true names and capacities at such time as they are ascertained.

///
///
///

-4-

## FACTUAL ALLEGATIONS

17. Plaintiffs worked for an automobile financing company called Siena Acceptance Corporation ("SAC"), which was founded by Plaintiff BADAME in or about 2005. In or about March 2008, Plaintiff BADAME, was introduced to Newport Capital Asset Management Group ("NCAMBG") as a potential equity partner in SAC. Discussions ensued between management for the two entities, and specifically the individual Plaintiffs and Defendants named herein, and evolved into the beginning of a merger transaction with one of NCAMB's wholly owned companies, LoanGenie, Inc. (hereinafter sometimes referred to as "LG") and SAC.

18. On various diverse dates beginning in or about March of 2008, when LG and SAC were in the preliminary negotiation stages of the merger transaction, and continuing through in or about April of 2009, when LG ultimately acquired SAC, LG, by and through Defendants VASQUEZ and HOYER, promised, assured and/or represented to Plaintiffs, that LG had sufficient assets to cover payroll expenses for SAC's employees, including the salaries of Plaintiffs themselves. For example, LG, by and through the express provisions of its Letter of Intent to acquire SAC issued in or about July of 2008, in addition to verbal assurances made by Defendants VASQUEZ to Plaintiffs both prior and subsequent thereto, agreed to provide "bridge financing" to cover the operating expenses, including payroll expenses, of SAC until the sale closing date. Yet just two months later and in subsequent months, LG failed to advance funds to cover payroll as promised by VASQUEZ.

19. In or about July of 2008, again per the express provisions of its Letter of Intent, LG, by and through Defendants VASQUEZ and HOYER represented Plaintiffs that LG had $1.5 million in hand to invest in SAC upon closing. Yet, when the sale of SAC to LG closed in April of 2009, VASQUEZ informed Plaintiffs that no funds were available for any purpose, including employee payroll.

EXHIBIT A, p.000010

20.   In or about September of 2008, Defendant VASQUEZ represented to Plaintiff BADAME that Defendant VASQUEZ had an ownership interest in eBank, and further assured Plaintiffs that by virtue of VASQUEZ's purported ownership interest in this financial institution, eBank was prepared to and would apply a portion of its large surplus of cash to the purchase of contract pools from SAC, the proceeds of which would cover payroll expenses. Plaintiffs are informed and believe and thereon allege that Defendant VASQUEZ never had an ownership interest in eBank. Plaintiffs are further informed and believe that at the time VASQUEZ made these representations, eBank was operating under a Cease and Desist order that precluded it from serving as a contract funding source and/or purchaser of bulk pools for SAC.

21.   In or about August of 2008, Plaintiffs and Defendants began their negotiations regarding employee benefits. During these discussions, Defendant VASQUEZ promised, assured, and represented to Plaintiffs that LG would provide an employee benefits package to SAC's employees that would replicate the employee benefits package then-presently in place with a Professional Employer Organization ("PEO") called Administaff both in terms of the coverage provided and the premiums, and this would be accomplished by "simply changing the broker of record". Plaintiffs immediately provided LG with all requested employee-related information to facilitate the timely provision of the employee benefits package. Nevertheless, in or about October of 2008, LG failed to advance funds to cover Administaff as promised by VASQUEZ. Due to the acts of LG, Administaff terminated its relationship with SAC thereby forcing all of SAC's employees to enroll in COBRA. This occurred despite months of assurances by Defendants that SAC's employees would be placed under LG's plan which was comparable in terms of costs and benefits to the benefits package administered by Administaff.

22.   Following the sale of SAC to LOANGENIE, which closed in April of 2009, Defendants VASQUEZ and HOYER, promised, assured, and represented to Plaintiffs BADAME,

-6-

1    KURRACK, and RIEKE that they would be provided with deferred compensation if

2    Plaintiffs agreed to continue working in their same capacities in the immediate aftermath of

3    the sale and provided further assurances to Plaintiffs that the rest of the employees on SAC's

4    payroll would be compensated for the work they performed; Defendants never delivered on

5    their promise and obligation to compensate Plaintiffs BADAME, KURRACK, and RIEKE

6    for services rendered nor on their promise to compensate Plaintiffs MITCHELL, LAU,

7    TUKHI, and SUNADA upon hours worked.

8

9                             **FIRST CAUSE OF ACTION**

10                              **(Promissory Estoppel)**

11                        **(All Plaintiffs against All Defendants)**

12

13    23.   The allegations of paragraphs 1 through 22, above, are re-alleged and incorporated herein by

14          reference as though fully set forth herein.

15

16    24.   Defendants promised, assured and/or represented to Plaintiffs that Defendants would

17          compensate Plaintiffs for employment services rendered before closing and after closing.

18

19    25.   In so promising, assuring, and/or representing, Defendants knew or should have known that

20          Plaintiffs would be reasonably induced to rely on Defendants' promises, assurances, and/or

21          representations.

22

23    26.   Defendants, and each of them, made clear and definite promises, assurances, and

24          representations to Plaintiffs, including but not limited to the following:  (1) that Defendant

25          LG had $1.5 million in hand that was available and would be used to cover payroll expenses

26          for SAC's employees, including the compensation of Plaintiffs themselves; (2) that

27          Defendant VASQUEZ had an ownership interest in eBank and by virtue of VASQUEZ's

28          interest in eBank, eBank would act as a source of funds to cover payroll expenses; (3) that

-7-

EXHIBIT A, p.000012

SAC's employees would be provided with an employee benefits package that was equivalent in terms of the costs and benefits to the one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME, KURRACK, and RIEKE would be provided with deferred compensation if they agreed to continue working in their same capacities in the immediate aftermath of the sale and that Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon hours worked.

27. In so promising, assuring, and/or representing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' representations.

28. Plaintiffs reasonably relied on Defendants' promises, assurances, and/or representations and thereby induced Plaintiffs to not look elsewhere for financial support for SAC (i.e. to not look for another potential equity partner besides LG), to work for LG, and to work long hours without compensation.

29. As a result of Defendants' failure to perform according to the promises, assurances, and/or representations described in more detail above, Plaintiffs have incurred damages, including but not limited to, attorneys' fees and interest thereon, in an amount according to proof at trial.

## **SECOND CAUSE OF ACTION**

### **(Fraud)**

### **(All Plaintiffs Against All Defendants)**

30. The allegations of paragraphs 1 through 29, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

31. Plaintiffs allege that the Defendants named herein made several misrepresentations to

-8-

EXHIBIT A, p.000013

1    Plaintiffs which Defendants knew were false at the time the representations were made
2    including but not limited to: (1) that Defendant LG had $1.5 million in hand that was
3    available and would be used to cover payroll expenses for SAC's employees, including the
4    compensation of Plaintiffs themselves; (2) that Defendant VASQUEZ had an ownership
5    interest in eBank and by virtue of VASQUEZ's interest in eBank, eBank would act as a
6    source of funds to cover payroll expenses; (3) that SAC's employees would be provided with
7    an employee benefits package that was equivalent in terms of the costs and benefits to the
8    one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME,
9    KURRACK, and RIEKE would be provided with deferred compensation if they agreed to
10   continue working in their same capacities in the immediate aftermath of the sale and that
11   Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon
12   hours worked.

13

14   32.   As a direct and legal result of Plaintiffs' reasonable and foreseeable reliance on Defendants'
15         fraud as herein referenced, Plaintiffs have suffered and continues to suffer general,
16         consequential, and special damages including, but not limited to, unpaid salary, emotional
17         distress, and attorneys' fees, all to each Plaintiff's damage in an amount according to proof at
18         trial.

19

20   33.   Said actions by Defendants were fraudulent and justify the imposition of punitive damages
21         since the fraud was against public policy.  Defendants, and each of them, intentionally made
22         misrepresentations to Plaintiffs which they knew were false, and in doing so, Defendants, and
23         each of them, acted maliciously, fraudulently, and oppressively, with the wrongful intention
24         of injuring Plaintiffs, with an evil and sinister purpose and/or conscious disregard for
25         Plaintiffs' rights.  Based upon the foregoing, Plaintiffs are entitled to recover punitive
26         damages from Defendants, and each of them, in an amount according to proof at trial.

27

28

EXHIBIT A, p.000014

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

### (All Plaintiffs Against All Defendants)

34.  The allegations of paragraphs 1 through 33, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

35.  At all times mentioned herein, Defendants, and each of them, owed Plaintiffs, and each of them, a duty of care to act like a reasonably prudent person would in the same position and under the same or similar circumstances.

36.  Plaintiffs allege that Defendants, and each of them, made misrepresentations to Plaintiffs which Defendants knew or reasonably should have known were false, including but not limited to, (1) that Defendants had $1.5 million in hand that was available and would be used to cover payroll expenses for SAC's employees, including the compensation of Plaintiffs themselves; (2) that Defendant VASQUEZ had an ownership interest in eBank and by virtue of VASQUEZ's interest in eBank, eBank would be a source of funds to cover payroll expenses; (3) that SAC's employees would be provided with an employee benefits package that was equivalent in terms of the costs and benefits to the one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME, KURRACK, and RIEKE would be provided with deferred compensation if they agreed to continue working in their same capacities in the immediate aftermath of the sale and that Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon hours worked.

37.  As a direct and legal result of Defendants' negligent misrepresentations as herein referenced, Plaintiffs have suffered and continue to suffer general, consequential, and special damages including, but not limited to, unpaid salary, as well as emotional distress damages, and attorneys' fees, all to each Plaintiff's damage in an amount according to proof at trial.

-10-

EXHIBIT A, p.000015

## FOURTH CAUSE OF ACTION

### (Breach of Oral Contract)

### (All Plaintiffs Against All Defendants)

38.  The allegations of paragraphs 1 through 37, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

39.  Shortly after the sale of SAC to LG closed, Defendants communicated in clear and definite terms to Plaintiffs  BADAME, KURRACK, and RIEKE, its offer to provide Plaintiffs with deferred compensation in exchange for Plaintiffs BADAME, KURRACK, and RIEKE agreeing to continue working in their same capacities in the immediate aftermath of the sale of SAC to LG and to compensate Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA upon hours worked.

40.  Plaintiffs manifested assent to be bound to the terms of Defendants' offer by express words communicated to Defendants VASQUEZ and HOYER, and by continuing to provide employment services in accordance with the terms and conditions of their oral agreement with Defendants.

41.  Defendants, and each of them, breached their oral agreement with Plaintiffs by failing and refusing to perform in good faith their promise to provide Plaintiffs BADAME, KURRACK, and RIEKE with deferred compensation for work performed in the immediate aftermath of the sale and by refusing to perform in good faith their promise to compensate Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA upon hours worked.

42.  Plaintiffs have performed all of the conditions, covenants, and promises required by the oral agreement entered into with Defendants.

-11-

EXHIBIT A, p.000016

43. As a direct and legal result of the breach by Defendants, and each of them, in the obligations pursuant to the oral agreement, as herein referenced, Plaintiffs have suffered and continue to suffer general, consequential and special damages, including but not limited to, attorneys' fee, all to each Plaintiffs' damage in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

**(Unpaid Wages in Violation of Labor Code Section 200 et seq.)**

**(All Plaintiffs Against Defendants LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP, VASQUEZ, HOYER, and DOES 1 through 250, inclusive)**

44. The allegations of paragraphs 1 through 43, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

45. There exists, and at all times herein mentioned there existed, a unity of interest and ownership between defendants VASQUEZ and HOYER and defendant corporation, such that any individuality and separateness between defendants VASQUEZ and HOYER and defendant corporation has ceased, and defendant corporation is the alter ego of defendants VASQUEZ and HOYER. At all times herein mentioned, VASQUEZ was the co-founder and Principal of Newport Capital Asset Management Group and was Chief Executive Officer and Chairman of the Board of Directors of Defendant LOANGENIE. At all times herein mentioned, HOYER was the President of Defendant LOANGENIE, one of NCAMB's wholly owned companies.

46. Plaintiffs allege that the Defendants named herein, and each of them, failed to pay Plaintiffs earned wages.

47. Defendants, and each of them, are in violation of California statutory laws prohibiting such

-12-

1  conduct, including but not limited to, California Labor Code Sections 200 et seq.

2

3  48.  As a result of the above-described unpaid earned wages, Plaintiffs are entitled to their unpaid

4  wages owing and, in addition, continuing wages through the time this complaint is filed and

5  until Defendants make all due payments.  Plaintiffs are also entitled to statutory penalties

6  under Labor Code Section 203 and attorneys' fees under California Labor Code Section

7  218.5.

8

9  **SIXTH CAUSE OF ACTION**

10  **(Violation of the Fair Labor Standards Act)**

11  **(All Plaintiffs Against Defendants VASQUEZ, HOYER, and DOES 1 through 250, inclusive)**

12

13  49.  The allegations of paragraphs 1 through 48, above, are re-alleged and incorporated herein by

14  reference as though fully set forth herein.

15

16  50.  Plaintiffs allege that the Defendants named herein, and each of them, failed to pay Plaintiffs

17  earned wages.

18

19  51.  At all times herein mentioned, Defendant VASQUEZ was an "employer"of Plaintiffs within

20  the meaning of 29 U.S.C. Section 203(d) in that VASQUEZ exercised control over the terms

21  and conditions of Plaintiffs' compensation for services performed on behalf of LG and

22  NCAMG by Plaintiffs that directly furthered the interests of Defendants.

23

24  52.  At all times herein mentioned, Defendant HOYER was an "employer"of Plaintiffs within the

25  meaning of 29 U.S.C. Section 203(d) in that HOYER exercised control over the terms and

26  conditions of Plaintiffs' compensation for services performed on behalf of LG and NCAMG

27  by Plaintiffs that directly furthered the interests of Defendants.

28

-13-

53.   29 U.S.C. Section 206(a) mandates that an employer compensate each of its employees who in any workweek is engaged in commerce or is employed by an enterprise engaged in commerce at a rate not less than the federal minimum wage.   At all times herein mentioned, the Plaintiffs named herein regularly and in furtherance of the performance of their employment duties used instrumentalities of interstate commerce, including but not limited to, the U.S. Mail.

54.   Defendants VASQUEZ and HOYER failed to pay Plaintiffs any wages for work performed by Plaintiffs in the immediate aftermath of the sale.

55.   Defendants' conduct above-described is in violation of 29 U.S.C. Section 206(a) (the FLSA).

56.   As a result of Defendants failure to pay Plaintiffs at a rate not less than the federal minimum wage for services rendered by Plaintiffs, Plaintiffs are entitled to their unpaid wages owing, in addition to interest, and attorneys' fees.

## **PRAYER**

1.   For damages according to proof, including loss of earnings, both current and future;

2.   For interest on the amount of losses incurred in loss of earnings at the prevailing legal rate;

3.   For prejudgment interest on lost wages and benefits;

4.   For general damages, including, but not limited to, damages for *physical and emotional injuries,* according to proof;

-14-

5.    For other special damages according to proof;

6.    For specific performance of the oral contract and/or other equitable relief as the court deems just and proper;

7.    For punitive damages according to proof for Plaintiffs' second cause of action; and

8.    For such other and further relief as the court deems just and proper.

Dated: January 13, 2011                        LAW OFFICES OF CARLIN & BUCHSBAUM
                                               A Limited Liability Partnership

                                               By _____
                                               Laurel N. Haag, Attorney for Plaintiffs
                                               James Badame, Kevin Rieke, James Kurrack, Elizabeth
                                               Mitchell, Francis Lau, Abobaker Tukhi, and Craig
                                               Sunada

## DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand trial by jury on all claims pleaded herein.

Dated: January 13, 2011                        LAW OFFICES OF CARLIN & BUCHSBAUM
                                               A Limited Liability Partnership

                                               By _____
                                               Laurel N. Haag, Attorney for Plaintiffs
                                               James Badame, Kevin Rieke, James Kurrack, Elizabeth
                                               Mitchell, Francis Lau, Abobaker Tukhi, and Craig
                                               Sunada

-15-

EXHIBIT A, p.000020

ORIGINAL

1  **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
2  *gary@carlinbuchsbaum.com*
BRENT S. BUCHSBAUM, CSBN: 194816
3  *brent@carlinbuchsbaum.com*
LAUREL N. HAAG, CSBN: 211279
4  *laurel@carlinbuchsbaum.com*
555 East Ocean Blvd., Suite 818
5  Long Beach, California 90802
Telephone: (562)432-8933
6  Facsimile: (562)435-1656

7  Attorneys for Plaintiff JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH
MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA
8

9  SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10  FOR THE COUNTY OF ORANGE  **30-2011**

11  **0 0 4 4 1 2 0 3**

12  JAMES BADAME, KEVIN RIEKE, JAMES   CASE NO.
13  KURRACK, ELIZABETH MITCHELL,
FRANCIS LAU, ABOBAKER TUKHI, and   **COMPLAINT FOR DAMAGES FOR:**
14  CRAIG SUNADA,
   **(1) PROMISSORY ESTOPPEL;**
15  Plaintiffs;
   **(2) FRAUD;**
16  vs.
   **(3) NEGLIGENT**
17  LOANGENIE, INC., a business entity;   **MISREPRESENTATION;**
NEWPORT CAPITAL ASSET MANAGEMENT
18  GROUP, G.P., a business entity; JOHN   **(4) BREACH OF ORAL CONTRACT;**
VASQUEZ, an individual; GARY HOYER, an
19  individual; and DOES 1 through 250, inclusive;   **(5) UNPAID WAGES IN VIOLATION**
   **OF LABOR CODE SECTION 200 ET**
20  Defendants.   **SEQ.** *and*

21  **(6) VIOLATION OF THE FAIR**
   **LABOR STANDARDS ACT;**
22

23  [JURY TRIAL DEMANDED]
   **JUDGE JAMES J. DI CESARE**
24   **DEPT. C18**
COMES NOW the Plaintiffs, (who hereinafter shall collectively be referred to as the
25
   "Plaintiffs" or individually as "BADAME", "RIEKE", "KURRACK", "MITCHELL",
26
   "LAU" "TUKHI", or "SUNADA"), who hereby respectfully allege, aver, and complain, as
27
   follows:
28

---

-1-

EXHIBIT A, p.000006

## INTRODUCTION

1. This is an action brought by the Plaintiffs pursuant to California statutory and decisional laws.

2. Plaintiffs allege that California statutory and decisional laws prohibit the conduct by Defendants herein alleged, and therefore Plaintiffs have an entitlement to monetary relief on the basis that Defendants violated such statutes and decisional law.

## JURISDICTION AND VENUE

3. Jurisdiction is proper in this court by virtue of the California statutes, decisional law, and regulations, and the local rules under the Orange County Superior Court Rules.

4. Venue in this Court is proper in that the circumstances and events giving rise to the causes of action herein alleged took place at the parties' business address located in the City of Newport, County of Orange, State of California.

## PARTIES

5. Plaintiff JAMES BADAME, at all times relevant herein mentioned, is and has been a resident of Los Angeles County, State of California.   Plaintiff BADAME was President and Chief Executive Officer of Siena Acceptance Corporation (SAC) until SAC was sold to Defendant LOANGENIE in April 2009, after which time Plaintiff BADAME was retained by Defendant LOANGENIE, successor to SAC, as Chief Strategy Officer.

6. Plaintiff KEVIN RIEKE, at all relevant times herein mentioned, is and has been a resident of Los Angeles County, State of California, and at all relevant times herein mentioned, the

-2-

EXHIBIT A, p.000007

1  Chief Financial Officer of SAC.

2

3  7.  Plaintiff JAMES KURRACK, at all relevant times herein mentioned, is and has been a

4  resident of Riverside County, State of California, and at all relevant times herein mentioned,

5  Chief Administrative Officer and Director of Servicing of SAC.

6

7  8.  Plaintiff ELIZABETH MITCHELL, at all relevant times herein mentioned, is and has been a

8  resident of Riverside County, State of California, and at all relevant times herein mentioned,

9  Funding Manager and Compliance Officer of SAC.

10

11 9.  Plaintiff FRANCIS LAU, at all relevant times herein mentioned, is and has been a resident of

12  the State of California, and at all relevant times herein mentioned, Chief Information and

13  Technology Officer of SAC.

14

15 10.  Plaintiff ABOBAKER TUKHI, at all relevant times herein mentioned, is and has been a

16  resident of the State of California, and at all relevant times herein mentioned, Assistant Vice

17  President and Senior Credit Officer of SAC.

18

19 11.  Plaintiff CRAIG SUNADA, at all times relevant herein mentioned, is and has been a resident

20  of the State of California, and at all relevant times herein mentioned, Credit Manager of

21  SAC.

22

23 12.  Plaintiffs allege that Defendant LOANGENIE, INC. (hereinafter sometimes referred to as

24  "LG") at all times herein mentioned, is and has been a business entity with the capacity to sue

25  and to be sued, and doing business, with a principal place of business located in City of

26  Newport, County of Orange, State of California.

27

28 13.  Plaintiffs allege that Defendant NEWPORT CAPITAL ASSET MANAGEMENT GROUP,

-3-

1   G.P., (hereinafter sometimes referred to as "NCAMG") at all times herein mentioned, is and

2   has been a business entity with the capacity to sue and to be sued, and doing business, with a

3   principal place of business located in City of Newport, County of Orange, State of California.

4

5   14.   Plaintiffs allege that Defendant JOHN VASQUEZ (hereinafter sometimes referred to as

6   "VASQUEZ") is and at all relevant times herein mentioned has been a resident of Orange

7   County, State of California, and at all relevant times herein mentioned, the Chief Executive

8   Officer and Chairman of the Board of Directors of Defendant LOANGENIE.

9

10  15.   Plaintiffs allege that Defendant GARY HOYER ("hereinafter sometimes referred to as

11  "HOYER") was at all relevant times herein mentioned, the President of Defendant

12  LOANGENIE.   Plaintiffs are informed and believe that Defendant HOYER is a resident of

13  City of Trenton, County of Mercer, State of New Jersey.  Plaintiffs are further informed and

14  believe that at all times herein mentioned HOYER had sufficient minimum contacts with the

15  State of California such that this Court's assertion of jurisdiction over Defendant HOYER

16  does not offend traditional notions of fair play and substantial justice; that Defendant

17  HOYER committed the unlawful acts as alleged herein either while physically present in the

18  State of California or purposely directed his activities at the State of California with

19  knowledge that his conduct would cause harm in this state.

20

21  16.   The true names and capacities of the Defendants named herein as DOES 1 through 250,

22  inclusive, whether individual, corporate, partnership, association or otherwise, are unknown

23  to Plaintiffs who therefore sue these defendants by such fictitious names.  Plaintiffs will

24  request leave of court to amend this Complaint to allege their true names and capacities at

25  such time as they are ascertained.

26  ///

27  ///

28  ///

-4-

## FACTUAL ALLEGATIONS

17.    Plaintiffs worked for an automobile financing company called Siena Acceptance Corporation ("SAC"), which was founded by Plaintiff BADAME in or about 2005.  In or about March 2008, Plaintiff BADAME, was introduced to Newport Capital Asset Management Group ("NCAMBG") as a potential equity partner in SAC.  Discussions ensued between management for the two entities, and specifically the individual Plaintiffs and Defendants named herein, and evolved into the beginning of a merger transaction with one of NCAMB's wholly owned companies, LoanGenie, Inc. (hereinafter sometimes referred to as "LG") and SAC.

18.    On various diverse dates beginning in or about March of 2008, when LG and SAC were in the preliminary negotiation stages of the merger transaction, and continuing through in or about April of 2009, when LG ultimately acquired SAC, LG, by and through Defendants VASQUEZ and HOYER, promised, assured and/or represented to Plaintiffs, that LG had sufficient assets to cover payroll expenses for SAC's employees, including the salaries of Plaintiffs themselves.  For example, LG, by and through the express provisions of its Letter of Intent to acquire SAC issued in or about July of 2008, in addition to verbal assurances made by Defendants VASQUEZ to Plaintiffs both prior and subsequent thereto, agreed to provide "bridge financing" to cover the operating expenses, including payroll expenses, of SAC until the sale closing date.  Yet just two months later and in subsequent months, LG failed to advance funds to cover payroll as promised by VASQUEZ.

19.    In or about July of 2008, again per the express provisions of its Letter of Intent, LG, by and through Defendants VASQUEZ and HOYER represented to Plaintiffs that LG had $1.5 million in hand to invest in SAC upon closing.  Yet, when the sale of SAC to LG closed in April of 2009, VASQUEZ informed Plaintiffs that no funds were available for any purpose, including employee payroll.

-5-

EXHIBIT A, p.000010

20. In or about September of 2008, Defendant VASQUEZ represented to Plaintiff BADAME that Defendant VASQUEZ had an ownership interest in eBank, and further assured Plaintiffs that by virtue of VASQUEZ's purported ownership interest in this financial institution, eBank was prepared to and would apply a portion of its large surplus of cash to the purchase of contract pools from SAC, the proceeds of which would cover payroll expenses. Plaintiffs are informed and believe and thereon allege that Defendant VASQUEZ never had an ownership interest in eBank. Plaintiffs are further informed and believe that at the time VASQUEZ made these representations, eBank was operating under a Cease and Desist order that precluded it from serving as a contract funding source and/or purchaser of bulk pools for SAC.

21. In or about August of 2008, Plaintiffs and Defendants began their negotiations regarding employee benefits. During these discussions, Defendant VASQUEZ promised, assured, and represented to Plaintiffs that LG would provide an employee benefits package to SAC's employees that would replicate the employee benefits package then-presently in place with a Professional Employer Organization ("PEO") called Administaff both in terms of the coverage provided and the premiums, and this would be accomplished by "simply changing the broker of record". Plaintiffs immediately provided LG with all requested employee-related information to facilitate the timely provision of the employee benefits package. Nevertheless, in or about October of 2008, LG failed to advance funds to cover Administaff as promised by VASQUEZ. Due to the acts of LG, Administaff terminated its relationship with SAC thereby forcing all of SAC's employees to enroll in COBRA. This occurred despite months of assurances by Defendants that SAC's employees would be placed under LG's plan which was comparable in terms of costs and benefits to the benefits package administered by Administaff.

22. Following the sale of SAC to LOANGENIE, which closed in April of 2009, Defendants VASQUEZ and HOYER, promised, assured, and represented to Plaintiffs BADAME,

-6-

EXHIBIT A, p.000011

KURRACK, and RIEKE that they would be provided with deferred compensation if
Plaintiffs agreed to continue working in their same capacities in the immediate aftermath of
the sale and provided further assurances to Plaintiffs that the rest of the employees on SAC's
payroll would be compensated for the work they performed; Defendants never delivered on
their promise and obligation to compensate Plaintiffs BADAME, KURRACK, and RIEKE
for services rendered nor on their promise to compensate Plaintiffs MITCHELL, LAU,
TUKHI, and SUNADA upon hours worked.

## FIRST CAUSE OF ACTION

### (Promissory Estoppel)

### (All Plaintiffs against All Defendants)

23.   The allegations of paragraphs 1 through 22, above, are re-alleged and incorporated herein by
reference as though fully set forth herein.

24.   Defendants promised, assured and/or represented to Plaintiffs that Defendants would
compensate Plaintiffs for employment services rendered before closing and after closing.

25.   In so promising, assuring, and/or representing, Defendants knew or should have known that
Plaintiffs would be reasonably induced to rely on Defendants' promises, assurances, and/or
representations.

26.   Defendants, and each of them, made clear and definite promises, assurances, and
representations to Plaintiffs, including but not limited to the following:  (1) that Defendant
LG had $1.5 million in hand that was available and would be used to cover payroll expenses
for SAC's employees, including the compensation of Plaintiffs themselves; (2) that
Defendant VASQUEZ had an ownership interest in eBank and by virtue of VASQUEZ's
interest in eBank, eBank would act as a source of funds to cover payroll expenses; (3) that

-7-

SAC's employees would be provided with an employee benefits package that was equivalent in terms of the costs and benefits to the one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME, KURRACK, and RIEKE would be provided with deferred compensation if they agreed to continue working in their same capacities in the immediate aftermath of the sale and that Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon hours worked.

27.   In so promising, assuring, and/or representing, Defendants knew or should have known that Plaintiff would be reasonably induced to rely on Defendants' representations.

28.   Plaintiffs reasonably relied on Defendants' promises, assurances, and/or representations and thereby induced Plaintiffs to not look elsewhere for financial support for SAC (i.e. to not look for another potential equity partner besides LG), to work for LG, and to work long hours without compensation.

29.   As a result of Defendants' failure to perform according to the promises, assurances, and/or representations described in more detail above, Plaintiffs have incurred damages, including but not limited to, attorneys' fees and interest thereon, in an amount according to proof at trial.

## SECOND CAUSE OF ACTION

### (Fraud)

### (All Plaintiffs Against All Defendants)

30.   The allegations of paragraphs 1 through 29, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

31.   Plaintiffs allege that the Defendants named herein made several misrepresentations to

-8-

Plaintiffs which Defendants knew were false at the time the representations were made including but not limited to: (1) that Defendant LG had $1.5 million in hand that was available and would be used to cover payroll expenses for SAC's employees, including the compensation of Plaintiffs themselves; (2) that Defendant VASQUEZ had an ownership interest in eBank and by virtue of VASQUEZ's interest in eBank, eBank would act as a source of funds to cover payroll expenses; (3) that SAC's employees would be provided with an employee benefits package that was equivalent in terms of the costs and benefits to the one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME, KURRACK, and RIEKE would be provided with deferred compensation if they agreed to continue working in their same capacities in the immediate aftermath of the sale and that Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon hours worked.

32.   As a direct and legal result of Plaintiffs' reasonable and foreseeable reliance on Defendants' fraud as herein referenced, Plaintiffs have suffered and continues to suffer general, consequential, and special damages including, but not limited to, unpaid salary, emotional distress, and attorneys' fees, all to each Plaintiff's damage in an amount according to proof at trial.

33.   Said actions by Defendants were fraudulent and justify the imposition of punitive damages since the fraud was against public policy. Defendants, and each of them, intentionally made misrepresentations to Plaintiffs which they knew were false, and in doing so, Defendants, and each of them, acted maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, with an evil and sinister purpose and/or conscious disregard for Plaintiffs' rights. Based upon the foregoing, Plaintiffs are entitled to recover punitive damages from Defendants, and each of them, in an amount according to proof at trial.

EXHIBIT A, p.000014

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

### (All Plaintiffs Against All Defendants)

34.  The allegations of paragraphs 1 through 33, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

35.  At all times mentioned herein, Defendants, and each of them, owed Plaintiffs, and each of them, a duty of care to act like a reasonably prudent person would in the same position and under the same or similar circumstances.

36.  Plaintiffs allege that Defendants, and each of them, made misrepresentations to Plaintiffs which Defendants knew or reasonably should have known were false, including but not limited to, (1) that Defendants had $1.5 million in hand that was available and would be used to cover payroll expenses for SAC's employees, including the compensation of Plaintiffs themselves; (2) that Defendant VASQUEZ had an ownership interest in eBank and by virtue of VASQUEZ's interest in eBank, eBank would be a source of funds to cover payroll expenses; (3) that SAC's employees would be provided with an employee benefits package that was equivalent in terms of the costs and benefits to the one SAC's employees had received under Administaff; and (4) that Plaintiffs BADAME, KURRACK, and RIEKE would be provided with deferred compensation if they agreed to continue working in their same capacities in the immediate aftermath of the sale and that Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA would be provided compensation upon hours worked.

37.  As a direct and legal result of Defendants' negligent misrepresentations as herein referenced, Plaintiffs have suffered and continue to suffer general, consequential, and special damages including, but not limited to, unpaid salary, as well as emotional distress damages, and attorneys' fees, all to each Plaintiff's damage in an amount according to proof at trial.

-10-

EXHIBIT A, p.000015

## FOURTH CAUSE OF ACTION

### (Breach of Oral Contract)

### (All Plaintiffs Against All Defendants)

38.   The allegations of paragraphs 1 through 37, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

39.   Shortly after the sale of SAC to LG closed, Defendants communicated in clear and definite terms to Plaintiffs BADAME, KURRACK, and RIEKE, its offer to provide Plaintiffs with deferred compensation in exchange for Plaintiffs BADAME, KURRACK, and RIEKE agreeing to continue working in their same capacities in the immediate aftermath of the sale of SAC to LG and to compensate Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA upon hours worked.

40.   Plaintiffs manifested assent to be bound to the terms of Defendants' offer by express words communicated to Defendants VASQUEZ and HOYER, and by continuing to provide employment services in accordance with the terms and conditions of their oral agreement with Defendants.

41.   Defendants, and each of them, breached their oral agreement with Plaintiffs by failing and refusing to perform in good faith their promise to provide Plaintiffs BADAME, KURRACK, and RIEKE with deferred compensation for work performed in the immediate aftermath of the sale and by refusing to perform in good faith their promise to compensate Plaintiffs MITCHELL, LAU, TUKHI, and SUNADA upon hours worked.

42.   Plaintiffs have performed all of the conditions, covenants, and promises required by the oral agreement entered into with Defendants.

-11-

43.   As a direct and legal result of the breach by Defendants, and each of them, in the obligations pursuant to the oral agreement, as herein referenced, Plaintiffs have suffered and continue to suffer general, consequential and special damages, including but not limited to, attorneys' fee, all to each Plaintiffs' damage in an amount according to proof at trial.

## FIFTH CAUSE OF ACTION

### (Unpaid Wages in Violation of Labor Code Section 200 et seq.)

### (All Plaintiffs Against Defendants LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP, VASQUEZ, HOYER, and DOES 1 through 250, inclusive)

44.   The allegations of paragraphs 1 through 43, above, are re-alleged and incorporated herein by reference as though fully set forth herein.

45.   There exists, and at all times herein mentioned there existed, a unity of interest and ownership between defendants VASQUEZ and HOYER and defendant corporation, such that any individuality and separateness between defendants VASQUEZ and HOYER and defendant corporation has ceased, and defendant corporation is the alter ego of defendants VASQUEZ and HOYER.  At all times herein mentioned, VASQUEZ was the co-founder and Principal of Newport Capital Asset Management Group and was Chief Executive Officer and Chairman of the Board of Directors of Defendant LOANGENIE.  At all times herein mentioned, HOYER was the President of Defendant LOANGENIE, one of NCAMB's wholly owned companies.

46.   Plaintiffs allege that the Defendants named herein, and each of them, failed to pay Plaintiffs earned wages.

47.   Defendants, and each of them, are in violation of California statutory laws prohibiting such

-12-

1    conduct, including but not limited to, California Labor Code Sections 200 et seq.

2

3    48.    As a result of the above-described unpaid earned wages, Plaintiffs are entitled to their unpaid

4           wages owing and, in addition, continuing wages through the time this complaint is filed and

5           until Defendants make all due payments.  Plaintiffs are also entitled to statutory penalties

6           under Labor Code Section 203 and attorneys' fees under California Labor Code Section

7           218.5.

8

9                                    **SIXTH CAUSE OF ACTION**

10                          **(Violation of the Fair Labor Standards Act)**

11    **(All Plaintiffs Against Defendants VASQUEZ, HOYER, and DOES 1 through 250, inclusive)**

12

13    49.    The allegations of paragraphs 1 through 48, above, are re-alleged and incorporated herein by

14           reference as though fully set forth herein.

15

16    50.    Plaintiffs allege that the Defendants named herein, and each of them, failed to pay Plaintiffs

17           earned wages.

18

19    51.    At all times herein mentioned, Defendant VASQUEZ was an "employer"of Plaintiffs within

20           the meaning of 29 U.S.C. Section 203(d) in that VASQUEZ exercised control over the terms

21           and conditions of Plaintiffs' compensation for services performed on behalf of LG and

22           NCAMG by Plaintiffs that directly furthered the interests of Defendants.

23

24    52.    At all times herein mentioned, Defendant HOYER was an "employer"of Plaintiffs within the

25           meaning of 29 U.S.C. Section 203(d) in that HOYER exercised control over the terms and

26           conditions of Plaintiffs' compensation for services performed on behalf of LG and NCAMG

27           by Plaintiffs that directly furthered the interests of Defendants.

28

-13-

53.   29 U.S.C. Section 206(a) mandates that an employer compensate each of its employees who in any workweek is engaged in commerce or is employed by an enterprise engaged in commerce at a rate not less than the federal minimum wage.   At all times herein mentioned, the Plaintiffs named herein regularly and in furtherance of the performance of their employment duties used instrumentalities of interstate commerce, including but not limited to, the U.S. Mail.

54.   Defendants VASQUEZ and HOYER failed to pay Plaintiffs any wages for work performed by Plaintiffs in the immediate aftermath of the sale.

55.   Defendants' conduct above-described is in violation of 29 U.S.C. Section 206(a) (the FLSA).

56.   As a result of Defendants failure to pay Plaintiffs at a rate not less than the federal minimum wage for services rendered by Plaintiffs, Plaintiffs are entitled to their unpaid wages owing, in addition to interest, and attorneys' fees.

## **PRAYER**

1.   For damages according to proof, including loss of earnings, both current and future;

2.   For interest on the amount of losses incurred in loss of earnings at the prevailing legal rate;

3.   For prejudgment interest on lost wages and benefits;

4.   For general damages, including, but not limited to, damages for *physical and emotional injuries*, according to proof;

-14-

5.    For other special damages according to proof;

6.    For specific performance of the oral contract and/or other equitable relief as the court deems just and proper;

7.    For punitive damages according to proof for Plaintiffs' second cause of action; and

8.    For such other and further relief as the court deems just and proper.

Dated: January 13, 2011            LAW OFFICES OF CARLIN & BUCHSBAUM
                                   A Limited Liability Partnership


                                   By
                                   Laurel N. Haag, Attorney for Plaintiffs
                                   James Badame, Kevin Rieke, James Kurrack, Elizabeth
                                   Mitchell, Francis Lau, Abobaker Tukhi, and Craig
                                   Sunada


### DEMAND FOR JURY TRIAL

Plaintiffs hereby respectfully demand trial by jury on all claims pleaded herein.


Dated: January 13, 2011            LAW OFFICES OF CARLIN & BUCHSBAUM
                                   A Limited Liability Partnership


                                   By
                                   Laurel N. Haag, Attorney for Plaintiffs
                                   James Badame, Kevin Rieke, James Kurrack, Elizabeth
                                   Mitchell, Francis Lau, Abobaker Tukhi, and Craig
                                   Sunada

-15-

# SUPERIOR COURT OF CALIFORNIA

ORANGE

700 W. Civic Center DRIVE

Santa Ana , CA 92702

(657) 622-6878

www.occourts.org

## NOTICE OF CASE ASSIGNMENT

Case Number: **30-2011-00441203-CU-FR-CJC**

Your case has been assigned for all purposes to the judicial officer indicated below. A copy of this information must be provided with the complaint or petition, and with any cross-complaint that names a new party to the underlying action.

| ASSIGNED JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
|---|---|---|---|
| Hon.<br>    James J. Di Cesare | Central Justice Center | C18 | (657) 622-6878 |
| Hearing: | Date: | Time: | |
| JUDGE | COURT LOCATION | DEPARTMENT/ROOM | PHONE |
| Hon. | | | |

[ x ]  ADR Information attached.

# SCHEDULING INFORMATION

**Judicial Scheduling Calendar Information**

Individual courtroom information and the items listed below may be found at: www.occourts.org.

Case Information, Court Local Rules, filing fees, forms, Civil Department Calendar Scheduling Chart, Department phone numbers, Complex Civil E-filing, and Road Map to Civil Filings and Hearings.

**Ex Parte Matters**

Rules for Ex Parte Applications can be found in the California Rules of Court, rules 3.1200 through 3.1207 at: www.courtinfo.ca.gov.  Trials that are in progress have priority; therefore, you may be required to wait for your ex parte hearing.

**Noticed Motions**

    * The following local Orange County Superior Court rules are listed for your convenience:
       - Rule 307 - Telephonic Appearance Litigants - Call CourtCall, LLC at (310) 914-7884 or (888) 88-COURT.
       - Rule 380 - Fax Filing, Rule 450 - Trial Pre-Conference  (Unlimited Civil)
    * All Complex Litigation cases are subject to mandatory Electronic Filing, unless excused by the Court.
    * Request to Enter Default and Judgment are strongly encouraged to be filed as a single packet.

**Other Information**

Hearing dates and times can be found on the Civil Department Calendar Scheduling Chart.

All fees and papers must be filed in the Clerk's Office of the Court Location address listed above.

Date:  01/14/2011

_____

Amanda Rincon

_____, Deputy Clerk

NOTICE OF CASE ASSIGNMENT

EXHIBIT A p.000021

V3 INIT 100 (June 2004)

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA,

**DEFENDANTS**
LOANGENIE, INC., a business entity; NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., a business entity; JOHN VASQUEZ, an individual; GARY HOYER, an individual; and DO 1 through 250, inclusive;

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Law Offices of Carlin & Buchsbaum, LLP
Gary R. Carlin, CSBN: 44945, gary@carlinbuchsbaum.com
555 East Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone: (562) 432-8933

Attorneys (If Known)
Stephen L. Ram, SBN 240769, sram@sycr.com
Stradling Yocca Carlson & Rauth
660 Newport Center Drive, Suite 1600
Newport Beach, CA 92660
Telephone: (949) 725-4000
Facsimile: (949) 725-4100

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | D |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1 Original Proceeding  ☒ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to Dist Judge from Magistrate Ju

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No      ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 203(d)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL INJURY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Stand. Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor A |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 540 Mandamus/Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | **FORFEITURE / PENALTY** | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 61 HIA(1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | ☐ 690 Other | **FEDERAL TAX SUIT** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plain or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 2 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:** Case Number: _____ **SACV11-00326 DOC (Ex)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)     CIVIL COVER SHEET     Page 1

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
   ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
   ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
   ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
   ☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Los Angeles for James Badame and Kevin Rieke (Compl. ¶¶ 5-6); Riverside for James Kurrack and Elizabeth Mitchell (Compl. ¶¶ 7-8); unknown for Francis Lau, Adobaker Tukhi and Craig Sundada | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
   ☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| Orange for Defendants Loangenie, Inc., Newport Capital Asset Management Group, G.P. and John Vasquez | New Jersey for Gary Hoyer |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
| --- | --- |
| | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _(signature)_   Date February 25, 2011
Stephen L. Ram

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
| --- | --- | --- |
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Charles Eick.

The case number on all documents filed with the Court should read as follows:

## SACV11- 326 DOC (Ex)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] Western Division | [X] Southern Division | [ ] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.