1  MARC J. SCHNEIDER, SBN 214609
   mschneider@sycr.com
2  LAURA FLEMING, SBN 219287
   lfleming@sycr.com
3  STEPHEN L. RAM,  SBN 240769
   sram@sycr.com
4  RYAN W. SMITH, SBN 272361
   rsmith@sycr.com
5  STRADLING YOCCA CARLSON & RAUTH
   A Professional Corporation
6  660 Newport Center Drive, Suite 1600
   Newport Beach, California  92660-6441
7  Telephone:  (949) 725-4000
   Fax:  (949) 725-4100
8
   Attorneys for Defendants
9  LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP,
   G.P., JOHN VASQUEZ, and GARY HOYER
10

11           **IN THE UNITED STATES DISTRICT COURT**

12          **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

13                  **SOUTHERN DIVISION**

| | |
|---|---|
| JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA, | Case No.  SACV11-326 DOC (Ex) |
| Plaintiffs, | **ANSWER OF DEFENDANTS LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., JOHN VASQUEZ, AND GARY HOYER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** |
| v. | |
| LOANGENIE, INC., a business entity; NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., a business entity; JOHN VASQUEZ, an individual; GARY HOYER, an individual; and DOES 1 through 250, inclusive, | [Removal filed:  February 25, 2011] |
| Defendants. | |

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

1     Defendants LOANGENIE, INC., NEWPORT CAPITAL ASSET
2  MANAGEMENT GROUP, G.P., JOHN VASQUEZ, and GARY HOYER
3  (collectively, "Defendants") provide the following response to Plaintiffs' JAMES
4  BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL,
5  FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA (collectively
6  "Plaintiffs") First Amended Complaint ("FAC").  Defendants deny all allegations
7  in Plaintiffs' FAC, except those specifically admitted herein.

8

9                          **INTRODUCTION**

10        1.     Defendants lack sufficient knowledge or information to form a belief
11  as to the truth of the allegations in paragraph 1 of the FAC, and therefore deny
12  each such allegation.

13        2.     Defendants lack sufficient knowledge or information to form a belief
14  as to the truth of the allegations in paragraph 2 of the FAC, and therefore deny
15  each such allegation.

16

17                    **JURISDICTION AND VENUE**

18        3.     Defendants do not contest jurisdiction.

19        4.     Defendants do not contest venue in this district.

20

21                            **PARTIES**

22        5.     Defendants lack sufficient knowledge or information to form a belief
23  as to the truth of the allegations in paragraph 5 of the FAC, and therefore deny
24  each such allegation, except that Defendants admit that Badame was an officer of
25  Siena Acceptance Corporation ("SAC") until SAC was sold to Loangenie in April
26  2009, after which time Badame was retained by Loangenie as Chief Strategy
27  Officer.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

1

ANSWER TO FIRST AMENDED COMPLAINT

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the FAC, and therefore deny each such allegation.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the FAC, and therefore deny each such allegation.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the FAC, and therefore deny each such allegation.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the FAC, and therefore deny each such allegation.

10. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the FAC, and therefore deny each such allegation.

11. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of the FAC, and therefore deny each such allegation.

12. Defendants admit the allegations in paragraph 12.

13. Defendants admit the allegations in paragraph 13.

14. Defendants admit the allegations in paragraph 14.

15. Defendants admit the allegations in the first two sentences of paragraph 15 of the FAC that Hoyer is an officer of Loangenie and his residence is in New Jersey. Defendants do not contest personal jurisdiction. Defendants deny the remaining allegations in paragraph 15 of the FAC.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

2

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

16.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of the FAC, and therefore deny each such allegation.

## **FACTUAL ALLEGATIONS**

17.     Defendants deny each and every allegation in paragraph 17 of the FAC, except that Plaintiffs at one time worked for SAC, and Plaintiffs had discussions with Newport Capital Asset Management Group ("NCAMG").

18.     Defendants deny each and every allegation in paragraph 18 of the FAC, except that Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in the last sentence of paragraph 18, and therefore deny the allegation.

19.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of the FAC, and therefore deny each such allegation.  The allegations misstate the terms of the Letter of Intent which speaks for itself.

20.     Defendants deny each and every allegation in paragraph 20 of the FAC.

21.     Defendants deny each and every allegation in paragraph 21 of the FAC.  The agreement speaks for itself.

22.     Defendants deny each and every allegation in paragraph 22 of the FAC.

23.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 23 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

24.     Defendants deny each and every allegation in paragraph 24 of the FAC.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

3

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

25.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 25 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

26.     Defendants deny each and every allegation in paragraph 26 of the FAC.

27.     Defendants deny each and every allegation in paragraph 27 of the FAC.

28.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 28 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

29.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

30.     Defendants deny each and every allegation in paragraph 30 of the FAC, except Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that sometime after August 2009, the President of Westlake communicated to Badame that he had informed Defendants of Westlake's interest in servicing the pool, and not purchasing the pool, and therefore deny the allegation.  The purported e-mail speaks for itself.

31.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 31 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

32.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of the FAC, and therefore deny each such allegation.  The purported e-mail speaks for itself.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of the FAC, and therefore deny each such allegation.  The memorandum speaks for itself.

## FIRST CAUSE OF ACTION

### (Promissory Estoppel)

34. Defendants reallege and incorporate by reference each response contained in paragraphs 1-33 of their answer, as if fully set forth herein.

35. Defendants deny each and every allegation in paragraph 35 of the FAC.

36. Defendants deny each and every allegation in paragraph 36 of the FAC.

37. Defendants deny each and every allegation in paragraph 37 of the FAC.

38. Defendants deny each and every allegation in paragraph 38 of the FAC.

39. Defendants deny each and every allegation in paragraph 39 of the FAC.

40. Defendants deny each and every allegation in paragraph 40 of the FAC.

## SECOND CAUSE OF ACTION

### (Fraud In The Inducement)

41. Defendants reallege and incorporate by reference each response contained in paragraphs 1-40 of their answer, as if fully set forth herein.

42. Defendants deny each and every allegation in paragraph 42 of the FAC.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

5

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

43.     Defendants deny each and every allegation in paragraph 43 of the FAC.

44.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 44 of the FAC, and therefore deny each such allegation.

45.     Defendants deny each and every allegation in paragraph 45 of the FAC.

46.     Defendants deny each and every allegation in paragraph 46 of the FAC.

## THIRD CAUSE OF ACTION

### (Negligent Misrepresentation)

47.     Defendants reallege and incorporate by reference each response contained in paragraphs 1-46 of their answer, as if fully set forth herein.

48.     Defendants deny each and every allegation in paragraph 48 of the FAC.

49.     Defendants deny each and every allegation in paragraph 49 of the FAC.

50.     Defendants deny each and every allegation in paragraph 50 of the FAC.

51.     Defendants deny each and every allegation in paragraph 51 of the FAC.

## FOURTH CAUSE OF ACTION

### (Breach of Oral Contract)

52.     Defendants reallege and incorporate by reference each response contained in paragraphs 1-51 of their answer, as if fully set forth herein.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

6

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

1     53.    Defendants deny each and every allegation in paragraph 53 of the

2  FAC.

3     54.    Defendants deny each and every allegation in paragraph 50 of the

4  FAC.

5     55.    Defendants deny each and every allegation in paragraph 55 of the

6  FAC.

7     56.    Defendants deny each and every allegation in paragraph 56 of the

8  FAC.

9     57.    Defendants deny each and every allegation in paragraph 57 of the

10  FAC.

11

12              **FIFTH CAUSE OF ACTION**

13     **(Unpaid Wages In Violation Of Labor Code Section 200 et seq.)**

14     58.    Defendants reallege and incorporate by reference each response

15  contained in paragraphs 1-57 of their answer, as if fully set forth herein.

16     59.    Defendants deny each and every allegation in paragraph 59 of the

17  FAC.

18     60.    Defendants deny each and every allegation in paragraph 60 of the

19  FAC.

20     61.    Defendants deny each and every allegation in paragraph 61 of the

21  FAC.

22     62.    Defendants deny each and every allegation in paragraph 62 of the

23  FAC.

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

7

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

## SIXTH CAUSE OF ACTION

### (Violation Of The Fair Labor Standards Act)

63.     Defendants reallege and incorporate by reference each response contained in paragraphs 1-62 of their answer, as if fully set forth herein.

64.     Defendants deny each and every allegation in paragraph 64 of the FAC.

65.     Defendants deny each and every allegation in paragraph 65 of the FAC.

66.     Defendants deny each and every allegation in paragraph 66 of the FAC.

67.     Defendants deny each and every allegation in paragraph 67 of the FAC.

68.     Defendants deny each and every allegation in paragraph 68 of the FAC.

69.     Defendants deny each and every allegation in paragraph 69 of the FAC.

70.     Defendants deny each and every allegation in paragraph 70 of the FAC.

## SEVENTH CAUSE OF ACTION

### (Breach of Written Contract/Third Party Beneficiary)

71.     Defendants reallege and incorporate by reference each response contained in paragraphs 1-70 of their answer, as if fully set forth herein.

72.     Defendants admit that SAC entered into a contract with Loangenie in paragraph 72, but the agreement speaks for itself.

73.     Defendants deny each and every allegation in paragraph 73 of the FAC.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

8

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

74.     Defendants deny each and every allegation in paragraph 74 of the FAC.

75.     Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 75 of the FAC, and therefore deny each such allegation.

76.     Defendants deny each and every allegation in paragraph 76 of the FAC.

## EIGHTH CAUSE OF ACTION

### (Promissory Fraud)

77.     Defendants reallege and incorporate by reference each response contained in paragraphs 1-76 of their answer, as if fully set forth herein.

78.     Defendants deny each and every allegation in paragraph 78 of the FAC.

79.     Defendants deny each and every allegation in paragraph 79 of the FAC.

80.     Defendants deny each and every allegation in paragraph 80 of the FAC.

81.     Defendants deny each and every allegation in paragraph 81 of the FAC.

Additionally, Defendants deny each and every allegation and request for relief, including all subparts, set forth in Plaintiffs' "Prayer for Relief."

## AFFIRMATIVE DEFENSES

Defendants, as their Affirmative Defenses to the FAC, state as follows:

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

9

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

1

## **FIRST AFFIRMATIVE DEFENSE**

2

### **(Failure to State a Claim)**

3      1.      Defendants are informed and believe, and on that basis allege, that the

4  FAC, and each and every claim therein, fails to state a claim upon which relief can

5  be granted.

6

7

## **SECOND AFFIRMATIVE DEFENSE**

8

### **(Failure to Mitigate)**

9      2.      Defendants are informed and believe, and on that basis allege, that the

10  FAC is barred, in whole or in part, because Plaintiffs have failed to mitigate their

11  alleged damages.

12

13

## **THIRD AFFIRMATIVE DEFENSE**

14

### **(No Causation)**

15      3.      Defendants are informed and believe, and on that basis allege, that

16  Plaintiffs are barred, in whole or in part, from asserting each alleged claim in the

17  FAC, because any loss or damage Plaintiffs suffered was not caused by any act or

18  omission on the part of Defendants.

19

20

## **FOURTH AFFIRMATIVE DEFENSE**

21

### **(Lack of Notice)**

22      4.      Defendants are informed and believe, and on that basis allege, that the

23  FAC is barred, in whole or in part, because Plaintiffs failed to give Defendants

24  notice of any loss or damage Plaintiffs suffered related to their employment.

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

1

## FIFTH AFFIRMATIVE DEFENSE

2

### (Failure to Plead Fraud with Sufficient Particularity)

3    5.    Defendants are informed and believe, and on that basis allege, that the

4 FAC is barred, in whole or in part, because Plaintiffs have failed to state with

5 particularity the circumstances constituting Plaintiffs' alleged fraud claims.

6

7

## SIXTH AFFIRMATIVE DEFENSE

8

### (Parol Evidence Rule)

9    6.    Defendants are informed and believe, and on that basis allege, that the

10 FAC is barred, in whole or in part, because of the parol evidence rule.

11

12

## SEVENTH AFFIRMATIVE DEFENSE

13

### (Comparative Negligence)

14    7.    Defendants are informed and believe, and on that basis allege, that the

15 FAC is barred, in whole or in part, because any loss or damages were caused by

16 Plaintiffs' own negligence.

17

18

## EIGHTH AFFIRMATIVE DEFENSE

19

### (Assumption of Risk)

20    8.    Defendants are informed and believe, and on that basis allege, that the

21 FAC is barred, in whole or in part, because Plaintiffs assumed the risk for any  loss

22 or damage Plaintiffs purportedly suffered.

23

24

## NINTH AFFIRMATIVE DEFENSE

25

### (Laches)

26    9.    Defendants are informed and believe, and on that basis allege, that the

27 FAC is barred, in whole or in part, by the doctrine of laches.

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

11

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

1

## TENTH AFFIRMATIVE DEFENSE

2

### (Consent)

3      10.   Defendants are informed and believe, and on that basis allege, that the

4  FAC is barred, in whole or in part, because Plaintiffs at all times gave their

5  consent, express or implied, to any and all acts, omissions, and conduct of

6  Defendants alleged in the FAC.

7

8

## ELEVENTH AFFIRMATIVE DEFENSE

9

### (Unclean Hands)

10      11.   Defendants are informed and believe, and on that basis allege, that the

11  FAC is barred, in whole or in part, by the doctrine of unclean hands.

12

13

## TWELFTH AFFIRMATIVE DEFENSE

14

### (Waiver)

15      12.   Defendants are informed and believe, and on that basis allege, that the

16  FAC is barred, in whole or in part, because Plaintiffs waived any right to assert any

17  claim for unpaid wages and related allegations in the FAC based upon the

18  applicable circumstances.

19

20

## THIRTEENTH AFFIRMATIVE DEFENSE

21

### (Estoppel)

22      13.   Defendants are informed and believe, and on that basis allege, that the

23  FAC is barred, in whole or in part, by the doctrine of estoppel.

24

25

26

27

28

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

LITIOC/2001744v3/102020-0001

12

ANSWER TO FIRST AMENDED COMPLAINT

1

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Fraud in the Inducement)

14.    Defendants are informed and believe, and on that basis allege, that the FAC is barred, in whole or in part, because Plaintiffs fraudulently induced Defendants to enter into the 2009 acquisition transaction.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Perform/Breach)

Defendants are informed and believe, and on that basis allege, that the FAC is barred, in whole or in part, because Plaintiffs failed to perform and/or breached their obligations under any alleged contract or promise.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Failure of Condition Precedent)

Defendants are informed and believe, and on that basis allege, that the FAC is barred, in whole or in part, due to the failure of condition(s) precedent to Defendants' obligation to perform, if any such obligation existed or remains unperformed.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (No Willful Failure to Pay Wages)

Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims for unpaid wages and/or penalties are barred, in whole or in part, because there was no willful failure to pay wages.

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

13

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Not Plaintiffs' Employer)

Defendants are informed and believe, and on that basis allege, that Plaintiffs' claims for unpaid wages are barred, in whole or in part, because and to the extent that Defendants did not employ Plaintiffs.

WHEREFORE, Defendants pray for judgment as follows:

1.      For judgment that Plaintiff take nothing by reason of the FAC, and that the FAC be dismissed with prejudice as to Defendant;

2.      For an award of reasonable attorneys' fees and costs of suit incurred herein, as permitted by law; and

3.      For such other and further relief as this Court may deem just, equitable and proper.


DATED:  April 18, 2011             STRADLING YOCCA CARLSON &
                                   RAUTH
                                   A Professional Corporation


                                   By: _____
                                       Marc J. Schneider
                                       Laura Fleming
                                       Stephen L. Ram
                                       Ryan W. Smith
                                       Attorneys for Defendants
                                       LOANGENIE, INC., NEWPORT
                                       CAPITAL ASSET
                                       MANAGEMENT GROUP, G.P.,
                                       JOHN VASQUEZ, and GARY
                                       HOYER

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH

14

ANSWER TO FIRST AMENDED COMPLAINT

LITIOC/2001744v3/102020-0001

**CERTIFICATE OF SERVICE**

I certify that on <u>April 18, 2011</u> the foregoing document: **ANSWER OF DEFENDANTS LOANGENIE, INC., NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., JOHN VASQUEZ, AND GARY HOYER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIM** was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

LAW OFFICES OF CARLIN &
BUCHSBAUM, LLP
Gary R. Carlin, CSBN: 44945
Brent S. Buchsbaum, CSBN: 194816
Laurel N. Haag, CSBN: 211279
555 East Ocean Blvd., Suite 818
Long Beach, CA 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656
Email Addresses:
gary@carlinbuchsbaum.com
brent@carlinbuchsbaum.com
laurel@carlinbuchsbaum.com

Signature
CLARIN C. CHEEK

April 18, 2011
Date

- 1 -
CERTIFICATE OF SERVICE

LITIOC/2001744v3/102020-0001

STRADLING YOCCA
CARLSON & RAUTH
LAWYERS
NEWPORT BEACH