1 | **LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
2 | *gary@carlinbuchsbaum.com*
BRENT S. BUCHSBAUM, CSBN: 194816
3 | *brent@carlinbuchsbaum.com*
LAUREL N. HAAG, CSBN: 211279
4 | *laurel@carlinbuchsbaum.com*
555 East Ocean Blvd., Suite 818
5 | Long Beach, California 90802
Telephone: (562)432-8933
6 | Facsimile:  (562)435-1656

7 | Attorneys for Plaintiff JAMES BADAME, KEVIN RIEKE, JAMES KURRACK,
ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG
8 | SUNADA

9 |

10 | IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

11 |

12 |

| JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA, | Case No. SACV-11-00326 DOC (Ex) |
|---|---|
| | **ANSWER TO AMENDED COUNTERCLAIM** |
| Plaintiffs; | |
| vs. | |
| LOANGENIE, INC., a business entity; NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., a business entity; JOHN VASQUEZ, an individual; GARY HOYER, an individual; and DOES 1 through 250, inclusive; | |
| Defendants | |

Counterclaim Defendants, JAMES BADAME, KEVIN RIEKE, JAMES

KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and

CRAIG SUNADA, (Hereinafter referred to collectively as "Counterclaim

Defendants") hereby answer the Amended Counterclaim of Counterclaimants

LOANGENIE, INC., a business entity and SIENA ACCEPTANCE CORPORATION,

a business entity (hereinafter referred to as "Counterclaimants") as follows:

-1-

# INTRODUCTION

1.      Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of the Amended Counterclaim, and on that basis denies each and every allegation contained therein, except that Counterclaim Defendants admit in the months leading up to the prospective transaction, SAC and Badame provided LoanGenie extensive financial information concerning the health and prospects's of SAC's business.

2.      Counterclaim Defendants deny each and every allegation in paragraph 2 of the Amended Counterclaim.

3.      Counterclaim Defendants deny each and every allegation in paragraph 3 of the Amended Counterclaim.

# JURISDICTION AND VENUE

4.      Counterclaim Defendants admit the Court has jurisdiction.

5.      Counterclaim Defendants admit this venue is proper.

# THE PARTIES

6.      Counterclaim Defendants admit the allegations in paragraph 6 of the Amended Counterclaim.

7.      Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 7 of the Amended Counterclaim,

1 and on that basis denies each and every allegation contained therein, except that
2 Counterclaim Defendants admit that SAC became a subsidiary of LoanGenie in April
3 2009.

5 8.    Counterclaim Defendants admit the allegations in paragraph 8 of the Amended
6 Counterclaim.

8 9.    Counterclaim Defendants admits the allegations in paragraph 9 of the Amended
9 Counterclaim, except that Counterclaim Defendants deny Kevin Rieke was the Chief
10 Financial Officer for SAC until April 2009.

12 10.    Counterclaim Defendants admit the allegations in paragraph 10 of the
13 Amended Counterclaim.

15 11.    Counterclaim Defendants admit the allegations in paragraph 11 of the
16 Amended Counterclaim.

18 12.    Counterclaim Defendants admit the allegations in paragraph 12 of the
19 Amended Counterclaim.

21 13.    Counterclaim Defendants admit the allegations in paragraph 13 of the
22 Amended Counterclaim.

24 14.    Counterclaim Defendants admit the allegations in paragraph 14 of the
25 Amended Counterclaim.

27 15.    Counterclaim Defendants lack sufficient knowledge or information to form a
28 belief as to the truth of the allegations in paragraph 15 of the Amended Counterclaim,

1   and on that basis denies each and every allegation contained therein.

2

3   16.     Counterclaim Defendants lack sufficient knowledge or information to form a

4   belief as to the truth of the allegations in paragraph 16 of the Amended Counterclaim,

5   and on that basis denies each and every allegation contained therein.

6

7   17.     Counterclaim Defendants lack sufficient knowledge or information to form a

8   belief as to the truth of the allegations in paragraph 17 of the Amended Counterclaim,

9   and on that basis denies each and every allegation contained therein

10

11   18.     Counterclaim Defendants admit the allegations in paragraph 18 of the

12   Amended Counterclaim, except as to the last sentence, of which Counterclaim

13   Defendants deny.

14

15   19.     Counterclaim Defendants admit the allegations in paragraph 19 of the

16   Amended Counterclaim, except that Counterclaim Defendants deny the allegations

17   that DZ Bank's line of credit was secured by auto loans originated by SAC, and that

18   the DZ Bank limited SAC's use of the line of credit to fund the purchase of

19   automobile financing contracts within the defined parameters of the line of credit; no

20   other use was permitted.

21

22   20.     Counterclaim Defendants admit the allegations in paragraph 20 of the

23   Amended Counterclaim, except to the extent it implies that the July 14, 2008 LOI was

24   the final version of the LOI, of which Counterclaim Defendants deny.

25

26   21.     Counterclaim Defendants admit the allegations in paragraph 21 of the

27   Amended Counterclaim, except as to the last sentence, of which Counterclaim

28   Defendants deny.

22.     Counterclaim Defendants admit the allegations in paragraph 22 of the Amended Counterclaim.

23.     Counterclaim Defendants admit the allegations in paragraph 23 of the Amended Counterclaim.

24.     Counterclaim Defendants deny the first sentence of paragraph 24 of the Amended Counterclaim that LoanGenie was in regular contact with SAC as part of LoanGenie's due diligence.  Counterclaim Defendants admit the remainder of paragraph 24 of the Amended Counterclaim.

25.     Counterclaim Defendants deny that SAC's financial statements showed information pertaining to originating new automobile loan contracts as alleged in paragraph 25 of the Amended Counterclaim.  Counterclaim Defendants admit the remainder of paragraph 25 of the Amended Counterclaim presuming that the last sentence means the discussion of finances related to income statements.

26.     Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that on October 10, 2008, Badame provided the company's internal financial statements to LoanGenie, and on that basis denies such allegation.  Counterclaim Defendants also lack sufficient knowledge or information to form a belief as to the truth of the allegations that the financial statements also showed the accrual on DZ Bank line of credit, and that these particular financial statements were discussed with LoanGenie, and on that basis denies such allegations in paragraph 26 of the Amended Counterclaim.  Counterclaim Defendants admits the remainder of the allegations in paragraph 26 of the Amended Counterclaim.

27.    Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that the proposed transaction took longer than LoanGenie expected in paragraph 27 of the Amended Counterclaim, and on that basis denies such allegation.  Counterclaim Defendants admit the second sentence in paragraph 27 of the Amended Counterclaim.  Counterclaim Defendants deny the third and fourth sentences in paragraph 27 of the Amended Counterclaim.

28.    Counterclaim Defendants deny each and every allegation contained in paragraph 28 of the Amended Counterclaim.

29.    Counterclaim Defendants deny the allegation in the first sentence of paragraph 29 of the First Amended Complaint that "in connection with the bridge loan," LoanGenie had provided a "crunch budget."  Counterclaim Defendants admit that LoanGenie provided a "crunch budget" for SAC to operate for a period of six (6) months.  Counterclaim Defendants admit the allegations in the second sentence of paragraph 29 of the Amended Counterclaim, except to the extent it implies that the October 14, 2008  was the final revision of the crunch budget, of which Counterclaim Defendants deny.  Counterclaim Defendants admit the third sentence in paragraph 29 of the Amended Counterclaim.  Counterclaim Defendants deny the fourth and fifth sentences of paragraph 29 of the Amended Counterclaim.

30.    Counterclaim Defendants deny each and every allegation contained in paragraph 30 of the Amended Counterclaim.

31.    Counterclaim Defendants deny each and every allegation contained in paragraph 31 of the Amended Counterclaim.

32.    Counterclaim Defendants deny each and every allegation contained in

1  paragraph 32 of the Amended Counterclaim.

2

3  33.    Counterclaim Defendants deny each and every allegation contained in

4  paragraph 33 of the Amended Counterclaim, except that Counterclaim Defendants

5  lack sufficient knowledge or information to form a belief as to the truth of the

6  allegations set forth in the second and fourth sentence as to what DZ bank informed

7  LoanGenie, and on that basis denies such allegations.

8

9  34.    Counterclaim Defendants deny each and every allegation contained in

10 paragraph 34 of the Amended Counterclaim.

11

12                          **FIRST CLAIM FOR RELIEF**

13

14 35.    Counterclaim Defendants reallege and incorporate by reference each response

15 contained in paragraphs 1-34 of their answer, as if fully set forth herein.

16

17 36.    Counterclaim Defendants lack sufficient knowledge or information to form a

18 belief as to the truth of the allegation that on October 10, 2008, Badame provided the

19 company's written financial statements to LoanGenie, and on that basis denies such

20 allegation.  Counterclaim Defendants admit that on October 14 and 16, 2008 Badame

21 provided the company's written financial statements to Hoyer and Vasquez of

22 LoanGenie via e-mail and that the financial statements showed auto financing

23 contracts purchased. Counterclaim Defendants lack sufficient knowledge or

24 information to form a belief as to the truth of the allegations that the financial

25 statements also showed the accrual on DZ Bank line of credit, and on that basis

26 denies such allegations in paragraph 36 of the Amended Counterclaim.  Counterclaim

27 Defendants deny the remainder of each and every allegation in paragraph 36 of the

28 Amended Counterclaim.

1  37.   Counterclaim Defendants admit the first and second sentence of paragraph 37

2  of the Amended Counterclaim, except to the extent these financial statements refers

3  to accrual on the DZ Bank line of Credit of which Counterclaim Defendants lack

4  sufficient knowledge or information to form a belief as to the truth of the allegations,

5  and on that basis denies such allegation in paragraph 37 of the Amended

6  Counterclaim.  Counterclaim Defendants deny the remaining allegations in paragraph

7  37 of the Amended Counterclaim.

8

9  38.   Counterclaim Defendants deny each and every allegation in paragraph 38 of

10  the Amended Counterclaim.

11

12  39.   Counterclaim Defendants deny each and every allegation in paragraph 39 of

13  the Amended Counterclaim.

14

15  40.   Counterclaim Defendants deny each and every allegation in paragraph 40 of

16  the Amended Counterclaim.

17

18  41.   Counterclaim Defendants deny each and every allegation in paragraph 41 of

19  the Amended Counterclaim.

20

21  42.   Counterclaim Defendants deny each and every allegation in paragraph 42 of

22  the Amended Counterclaim.

23

24  **SECOND CLAIM FOR RELIEF**

25

26  43.   Counterclaim Defendants reallege and incorporate by reference each response

27  contained in paragraphs 1-34 of their answer, as if fully set forth herein.

28

44.     Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegation that on October 10, 2008, Badame provided the company's written financial statements to LoanGenie, and on that basis denies such allegation.  Counterclaim Defendants admit that on October 14 and 16, 2008 Badame provided the company's written financial statements to Hoyer and Vasquez of LoanGenie via e-mail and that the financial statements showed auto financing contracts purchased. Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations that the financial statements also showed the accrual on DZ Bank line of credit, and on that basis denies such allegations in paragraph 44 of the Amended Counterclaim.  Counterclaim Defendants deny the remainder of each and every allegation in paragraph 44 of the Amended Counterclaim.

45.     Counterclaim Defendants admit the first and second sentence of paragraph 45 of the Amended Counterclaim, except to the extent these financial statements refers to accrual on the DZ Bank line of Credit of which Counterclaim Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations, and on that basis denies such allegation in paragraph 45 of the Amended Counterclaim.  Counterclaim Defendants deny the remaining allegations in paragraph 45 of the Amended Counterclaim.

46.     Counterclaim Defendants deny each and every allegation in paragraph 46 of the Amended Counterclaim.

47.     Counterclaim Defendants deny each and every allegation in paragraph 47 of the Amended Counterclaim.

48.     Counterclaim Defendants deny each and every allegation in paragraph 48 of

1  the Amended Counterclaim.

2

3  49.    Counterclaim Defendants deny each and every allegation in paragraph 49 of

4  the Amended Counterclaim.

5

6  50.    Counterclaim Defendants deny each and every allegation in paragraph 50 of

7  the Amended Counterclaim.

8

9                        **THIRD CLAIM FOR RELIEF**

10

11  51.    Counterclaim Defendants reallege and incorporate by reference each response

12  contained in paragraphs 1-34 of their answer, as if fully set forth herein.

13

14  52.    Counterclaim Defendants lack sufficient knowledge or information to form a

15  belief as to the truth of the allegations in paragraph 52,  and on that basis denies each

16  allegation.

17

18  53.    Counterclaim Defendants deny each and every allegation in paragraph 53 of

19  the Amended Counterclaim.

20

21  54.    Counterclaim Defendants admit that in total they have alleged eight (8) causes

22  of action against LoanGenie as alleged in paragraph 54 of the Amended

23  Counterclaim.  As to the remainder of the allegations in paragraph 54, Counterclaim

24  Defendants deny each and every allegation.

25

26  55.    Counterclaim Defendants deny each and every allegation in paragraph 55 of

27  the Amended Counterclaim.

28

## FOURTH CLAIM FOR RELIEF

56.     Counterclaim Defendants reallege and incorporate by reference each response contained in paragraphs 1-34 of their answer, as if fully set forth herein.

57.     Counterclaim Defendants admit that in total they have alleged eight (8) causes of action against LoanGenie as alleged in paragraph 57 of the Amended Counterclaim.  As to the remainder of the allegations in paragraph 57, Counterclaim Defendants deny each and every allegation.

58.     Counterclaim Defendants admit the allegations in paragraph 58 of the Amended Counterclaim sets forth the language in Labor Code Section 2865.

59.     Counterclaim Defendants deny each and every allegation in paragraph 59 of the Amended Counterclaim.

60.     Counterclaim Defendants deny each and every allegation in paragraph 60 of the Amended Counterclaim.

## FIFTH CLAIM FOR RELIEF

61.     Counterclaim Defendants reallege and incorporate by reference each response contained in paragraphs 1-34 of their answer, as if fully set forth herein.

62.     Counterclaim Defendants deny each and every allegation in paragraph 62 of the Amended Counterclaim.

63.     Counterclaim Defendants deny each and every allegation in paragraph 63 of

1 | the Amended Counterclaim.

2

3 | ## SIXTH CLAIM FOR RELIEF

4

5 | 64.    Counterclaim Defendants reallege and incorporate by reference each response
6 | contained in paragraphs 1-34 of their answer, as if fully set forth herein.

7

8 | 65.    Counterclaim Defendants deny each and every allegation in paragraph 65 of
9 | the Amended Counterclaim, except that Counterclaim Defendants admit that SAC
10 | had a line of credit with DZ Bank.

11

12 | 66.    Counterclaim Defendants deny each and every allegation in paragraph 66 of
13 | the Amended Counterclaim.

14

15 | 67.    Counterclaim Defendants deny each and every allegation in paragraph 67 of
16 | the Amended Counterclaim.

17

18 | 68.    Counterclaim Defendants deny each and every allegation in paragraph 68 of
19 | the Amended Counterclaim.

20

21 | ## PRAYER FOR RELIEF

22

23 | Counterlclaim Defendants deny each and every allegation and request for
24 | relief, including all subparts, set forth in Counterclaimants "Prayer for Relief."

25

26

27

28

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Cause of Action)

1.  The Amended Counterclaim, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action.

### SECOND AFFIRMATIVE DEFENSE

(Comparative Negligence)

2.  Counterclaim Defendants alleges that, if Counterclaimants sustained any loss, damage or injury as alleged in any manner, Counterclaim Defendants are informed and believes and thereon allege that Counterclaimants were comparatively negligent and that such comparative negligence, as to those matters set forth in the Amended Counterclaim, were the proximate and contributory cause of such damages, if any.

### THIRD AFFIRMATIVE DEFENSE

(Estoppel)

3.  Counterclaimants are estopped from pursuing the claims in the Amended Counterclaim, and each purported cause of action contained therein, by reason of Counterclaimants own actions and course of conduct.

### FOURTH AFFIRMATIVE DEFENSE

(Laches)

4.  Counterclaimants have waived the right, if any, to pursue any of the claims in the Amended Counterclaim, and each purported cause of action contained

therein, in whole or in part, by the doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      The Amended Counterclaim, and each alleged cause of action contained therein, are barred, in whole or in part, by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Fraud)

6.      Counterclaim Defendants are informed and believe, and on that basis allege, that the Amended Counterclaim is barred, in whole or in part, based on fraud by LoanGenie.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

7.      The Amended Counterclaim, and each alleged cause of action contained therein, are barred, in whole or in part, because Counterclaimants failed to mitigate their alleged damages.

## EIGHTH AFFIRMATIVE DEFENSE

### (Comparative Fault)

8.      Counterclaim Defendants are informed and believe and on that basis allege that Counterclaimants' damages, if any, were the direct and proximate result of Counterclaimants' own acts and omissions, such that Counterclaimants recovery

against Counterclaim Defendants is reduced, in whole or in part, under the doctrine of comparative fault.

## NINTH AFFIRMATIVE DEFENSE
### (Consent)

9.     Counterclaims Defendants are informed and believe that at all times mentioned Counterclaimants consented, express or implied, to any and all acts, omissions, and conduct of the Counterclaim Defendants.

## TENTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

10.     The Amended Counterclaim, and each alleged cause of action contained therein, in whole or in part, is barred by the doctrine of Assumption of Risk.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Waiver)

11.     The Amended Counterclaim, and each alleged cause of action contained therein, in whole or in part, are barred by the doctrine of Waiver.

## TWELFTH AFFIRMATIVE DEFENSE
### (No Causation)

12.     The Amended Counterclaim, and each alleged cause of action contained

therein, in whole or in part, are barred because any loss or damage Counterclaimants suffered was not caused by any act or omission on the part of Counterclaim Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Justification)

13.     Counterclaim Defendants allege that their conduct neither violated an express statutory objective nor undermined a firmly established principle of public policy and was otherwise justified and in good faith.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Not Counterclaim Defendants' Employer)

14.     Counterclaim Defendants allege that Coutnerclaimants' claim for indemnity is barred because and to the extent that Counterclaimants did not employ Counterclaim Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Offset)

15.     Any amount sought to be recovered in this action is barred in whole or in part by the amount owing from Counterclaimants to Counterclaim Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

16.     The Amended Counterclaim, and each alleged cause of action contained therein, are barred, in whole or in part, by all applicable statutes of limitations.


WHEREFORE, it is prayed that nothing be taken by reason of the Amended Counterclaim, that Counterclaimant's Amended Counterclaim be dismissed with prejudice, or in the alternative, that judgment be entered in favor of Counterclaim Defendants, and that Counterclaim Defendants be awarded costs, disbursements, attorneys' fees and other such relief as the Court may deem proper.


Dated: June 22, 2011                LAW OFFICES OF CARLIN & BUCHSBAUM
                                    A Limited Liability Partnership



By _____
Laurel N. Haag, Attorney for Counterclaim
Defendants
James Badame, Kevin Rieke, James Kurrack,
Elizabeth Mitchell, Francis Lau, Abobaker Tukhi, and
Craig Sunada

-17-

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

    I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

    On June 22, 2011, I served the foregoing document described as:

## ANSWER TO AMENDED COUNTERCLAIM

    The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**Counsel for Defendants**
**Marc J. Schneider**
**mschneider@sycr.com**
**Laura Fleming**
**lfleming@sycr.com**
**Stephen L. Ram**
**sram@sycr.com**
**STRADLING YOCCA CARLSON & RAUTH, APC**
**660 Newport Center Drive, Suite 1600**
**Newport Beach, California 92660-6441**

**Facsimile: (949)725-4100**

<u>**XX**</u>   **(ELECTRONICALLY)** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

<u>**XX**</u>   **(BY MAIL)** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business. On this date, I served the above interested parties following my employer's ordinary business practices.

\_\_\_   **(BY OVERNIGHT DELIVERY)** I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

\_\_\_   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

1 ___ **(BY FACSIMILE)** I caused such document to be served on all parties to
2 this action via facsimile at the numbers indicated on the attached service list
pursuant to California Rules of Court, Rule 2006. The facsimile machine I
3 used complied with Rule 2003 and no error was reported by the machine.
Pursuant to Rule 2006, I caused the machine to print a transmission record
of the transmission, a copy of which is attached to this document.

4

**XX** **(FEDERAL)** I declare under penalty of perjury under the laws of the United
5 States that the above is true and correct.

6

I declare that I am employed in the office of a member of the bar of this
7 court at whose direction the service was made.

8

Executed, June 22, 2011, at Long Beach, California.
9

10

KIMBERLY KELLY, Declarant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE                     SACV-11-00326 DOC (Ex)