**THE LAW OFFICES OF CARLIN & BUCHSBAUM, LLP**
GARY R. CARLIN, CSBN: 44945
*gary@carlinbuchsbaum.com*
BRENT S. BUCHSBAUM, CSBN: 194816
*brent@carlinbuchsbaum.com*
LAUREL N. HAAG, CSBN: 211279
*laurel@carlinbuchsbaum.com*
555 East Ocean Blvd., Suite 818
Long Beach, California 90802
Telephone: (562) 432-8933
Facsimile: (562) 435-1656

Attorneys for Plaintiffs, JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BADAME, KEVIN RIEKE, JAMES KURRACK, ELIZABETH MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and CRAIG SUNADA,<br><br>                    Plaintiffs;<br><br>          vs.<br><br>LOANGENIE, INC., a business entity; NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P., a business entity; JOHN VASQUEZ, an individual; GARY HOYER, an individual; and DOES 1 through 250, inclusive;<br><br>                    Defendants | Case No. SACV-11-00326 DOC (Ex)<br>Hon. David O. Carter, Dept. 9-D<br><br>**PLAINTIFF'S NOTICE OF & MOTION TO ENFORCE SETTLEMENT PURSUANT TO THE TERMS OF THE STIPULATION OF DISMISSAL AND ENTER JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF $120,600.00 PLUS $4,729.19 IN INTEREST AND ATTORNEYS' FEES IN THE AMOUNT OF $1,700; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAUREL N. HAAG IN SUPPORT THEREOF**<br><br>[Filed concurrently with a Proposed Order]<br><br>Date:    May 12, 2014<br>Time:    8:30 a.m.<br>Dept:    9D<br><br>Complaint Filed: January 14, 2011 |

//

-1-

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at 8:30 a.m. on May 12, 2014, or soon thereafter as the matter can be heard in Courtroom 9D of the above-titled court, located at the 411 W.4th Street, Santa Ana, California 92701 (hereinafter "Plaintiff") will move this Court for an Order to Enforce Settlement pursuant to the Stipulation of Dismissal and enter judgment against Defendants LOANGENIE, INC.; NEWPORT CAPITAL ASSET MANAGEMENT GROUP, G.P.; JOHN VASQUEZ; GARY HOYER(hereinafter "Defendants") in the amount of $120,600.00 plus $4,729.19 in interest.

Said motion will be made on the ground that good cause exists because Defendants are not honoring the parties Settlement Agreement, which had been initially entered into on or around July 9, 2012, and is further based on the attached Memorandum of Points and Authorities, the Declaration of Laurel N. Haag, as well as all papers and documents on file in this action, all of which the Court is requested to take judicial notice thereof, and upon such oral and documentary evidence as may be presented at the time of the hearing of this application.

Dated: April 7, 2014           LAW OFFICES OF CARLIN & BUCHSBAUM
                                A Limited Liability Partnership


                                    /s/ Laurel N. Haag
                                By _____
                                Laurel N. Haag, Attorneys for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    PROCEDURAL BACKGROUND

On or about July 9, 2012, the parties entered into a written Settlement. [A true and correct copy of said Settlement Agreement is attached hereto as **Exh. "A"**; A true and correct copy of the Promissory Note is attached hereto as **Exh. "B"**] Both parties received a copy of said Settlement Agreement and Promissory Note.  The parties further entered into a Stipulation of Dismissal. [A true and correct copy of said Stipulation of Dismissal is attached hereto as **Exh. "C"**]  An Order Re Stipulation of Dismissal was signed by the Court on July 19, 2012, wherein it was expressly noted that the Court will retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement. See Decl. of Haag ¶2.  [A true and correct copy of said Stipulation of Dismissal is attached hereto as **Exh. "D"**]

Per the Settlement Agreement, Defendants were obligated to pay Plaintiffs $150,000 with interest with an initial installment of $16,000, and then $6,700 with interest thereafter on a quarterly basis.  The installments were to be sent directly to Plaintiff's counsel's office at 555 East Ocean Blvd, Ste. 818, Long Beach, CA 90802. Defendants paid the initial installment of $16,000, and then two quarterly payments of $6,700 thereafter, but have failed and refused to comply with the remaining material terms of the settlement agreement.  More specifically, the last quarterly payment was due in September 2013, but Defendants failed to make the quarterly payment.  See Decl. of Haag  ¶3.

Plaintiff's counsel has discussed this matter with Defendants on several occasions, but to date Defendants continue to refuse to comply with the terms of the Settlement Agreement.  See Decl. of Haag  ¶4.

//

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

SACV-11-00326 DOC (Ex)

## II.    ARGUMENT

**A.    The Court Has Retained Jurisdiction To Enforce The Settlement Agreement**

Courts have inherent power to enforce settlement agreements between the parties in cases where the Court has retained jurisdiction. See *Kokkonen v. Guardian Life Ins. Co. of America* (1994) 511 U.S. 375, 381; *Hill v. Baxter Healthcare Corp.* (7th Cir. 2005) 405 F.3d 572, 576-577.

On or about July 9, 2012, the parties entered into a written Settlement. [A true and correct copy of said Settlement Agreement is attached hereto as **Exh. "A"**; A true and correct copy of the Promissory Note is attached hereto as **Exh. "B"**] Both parties received a copy of said Settlement Agreement.  The parties entered into a Stipulation of Dismissal. [A true and correct copy of said Stipulation of Dismissal is attached hereto as **Exh. "C"**]  An Order Re Stipulation of Dismissal was signed by the Court on July 19, 2012, wherein it was expressly noted as follows:

> **"It is further ORDERED that this Court will retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."**

See Decl. of Haag, ¶2; **Exh. D**.

Accordingly, the Court has retained jurisdiction to enforce the parties' Settlement Agreement.

**B.    Defendants Have Breached the Agreement**

The promissory note, incorporated into the Settlement Agreement in paragraph 2.1(a), entered into by and between the parties, specifically states in paragraph 6, "If an Event of Default occurs as set forth in Section 5, then the outstanding principal of, and all accrued interest on, this Note shall automatically become immediately due and payable by way of the surety bond that is in place.  See **Exh.B,** p.2.   A default is

1  defined as "the failure of the Makers to pay any amount due under this Note, which
2  failure is not remedied within thirty (30) days after the date such amount becomes due
3  and payable.  See **Exh. B**, p.1.

4

5      Here, Defendants are in default of the settlement agreement because they have
6  failed to perform under the terms of the settlement.  Per the Settlement Agreement,
7  Defendants were obligated to pay Plaintiffs $150,000 with interest with an initial
8  installment of $16,000, and then $6,700 with interest thereafter on a quarterly basis.
9  The installments were to be sent directly to Plaintiff's counsel's office at 555 East
10 Ocean Blvd,., Ste 818, Long Beach, CA 90802.  Defendants paid the initial
11 installment of $16,000, and then two quarterly payments of $6,700 thereafter, but
12 have failed and refused to comply with the remaining material terms of the settlement
13 agreement.  More specifically, the last quarterly payment was due in September 2013,
14 but Defendants failed to make the quarterly payment.

15

16     Consequently, as Plaintiffs and Defendants signed the Settlement Agreement,
17 and Defendants have failed to pay pursuant to the terms of the Settlement Agreement,
18 Defendants are in default of the Settlement Agreement.

19

20 **C.   Attorneys' Fees shall be awarded to the prevailing party to enforce the
       Settlement Agreement**

21

22     The Settlement Agreement between the parties states in pertinent part:

23     "Attorneys' Fees.  In any action brought to enforce this Agreement or an
       alleged breach of this Agreement, the prevailing party shall be entitled to
24     recover his/her/its reasonable attorneys' fees and costs."

25 See **Exh. A**, Sec. 3.15, p. 16.

26

27 Due to Defendants' conduct, Plaintiffs are forced to file this within Motion to enforce

28

1  the Settlement Agreement.  As such, Plaintiffs respectfully request that they be

2  awarded reasonable attorneys' fees in the amount of $1,700.

3

4  **III.    <u>CONCLUSION</u>**

5        Based on the foregoing, Plaintiff respectfully requests the Court sign the Order

6  and enforce the Settlement Agreement, and enter judgment in the amount of

7  $120,600.00 plus accrued interest in the amount of $4,729.19, for a total of

8  $125,329.19, as well as attorneys' fees in the amount of $1,700.

9

10  Dated: April 7, 2014        LAW OFFICES OF CARLIN & BUCHSBAUM, LLP

11

12                                    /s/ Laurel N. Haag

13                            By
                             Laurel N. Haag, Attorneys for Plaintiffs JAMES BADAME,
14                            KEVIN RIEKE, JAMES KURRACK, ELIZABETH
                             MITCHELL, FRANCIS LAU, ABOBAKER TUKHI, and
15                            CRAIG SUNADA

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF LAUREL N. HAAG

I, Laurel N. Haag, declare as follows:

1.      I am a Partner with the law firm of Carlin & Buchsbaum, LLP, attorneys of record for Plaintiff.  I have first hand knowledge of the facts set forth below, and could and would testify competently thereto if called upon to do so.

2.      On or about July 9, 2012, the parties entered into a written Settlement. [A true and correct copy of said Settlement Agreement is attached hereto as **Exh. "A"**; A true and correct copy of the Promissory Note is attached hereto as **Exh. "B"**] Both parties received a copy of said Settlement Agreement.  The parties further entered into a Stipulation of Dismissal. [A true and correct copy of said Stipulation of Dismissal is attached hereto as **Exh. "C"**]  An Order Re Stipulation of Dismissal was signed by the Court on July 19, 2012, wherein it was expressly noted that the Court will retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement.  [A true and correct copy of said Order Re Stipulation of Dismissal is attached hereto as **Exh. "D"**]

3.      Per the Settlement Agreement, Defendants were obligated to pay Plaintiffs $150,000 with interest with an initial installment of $16,000, and then $6,700 with interest thereafter on a quarterly basis.  The installments were to be sent directly to Plaintiff's counsel's office at 555 East Ocean Blvd,., Ste 818, Long Beach, CA 90802.  Defendants paid the initial installment of $16,000, and then two quarterly payments of $6,700 thereafter, but have failed and refused to comply with the remaining material terms of the settlement agreement.  More specifically, the last quarterly payment was due in September 2013, but Defendants failed to make the

1    quarterly payment.

2

3    4.       As of today's date, Defendants have failed to pay $120,600 of the $150,000

4    owed, plus interest in the amount of $4,729.19.  The last payment was due September

5    2013.  At the time the payment was due, I was out on maternity leave.  When I

6    returned from my maternity leave on Monday, November 18, 2013, I contacted

7    Defendant John Vasquez to inquire about the status of payment.  [A true and correct

8    copy of my e-mail to John Vasquez dated November 18, 2013, is attached hereto as

9    **Exh. "E"**] Mr. Vasquez confirmed that he did not make the quarterly payment.  [A

10   true and correct copy of John Vasquez' email to me dated November 25, 2013, is

11   attached hereto as **Exh. "F"**] Thereafter, Mr. Vasquez and I had several conversations

12   regarding Defendants' failure to make the payments owed pursuant to the Settlement

13   Agreement.  Mr. Vaquez informed me that he was working on some deals to free up

14   some money.  Similar type conversations have occurred over the past few months.

15   However, at no time, has Mr. Vasquez submitted any additional installment payments

16   since July 2013, which was payment for the installment due in June 2013.

17   Ultimately, Mr. Vasquez has refused to comply with the terms of the Settlement

18   Agreement.

19

20   5.       Due to Defendants' conduct, Plaintiffs are forced to file this within Motion.  I

21   have spent approximately two hours in connection with this Motion, and will spend

22   another two hours of reviewing, preparing for the hearing, driving and appearance

23   time for the scheduled hearing.

24

25   6.       A reasonable rate for my time as an attorney is $425.00 per hour.  I am

26   therefore requesting sanctions in the amount of $1,700.

27   //

28

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

1    I declare under penalty of perjury under the laws of the State of California, in

2    Long Beach, California, that the aforementioned is true and correct.

3

4    Dated: April 7, 2014            _____/s/ Laurel N. Haag_____
                                     Laurel N. Haag
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT

SACV-11-00326 DOC (Ex)

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 555 East Ocean Blvd., Suite 818, Long Beach, California 90802.

On April 8, 2014, I served the foregoing document described as:

**PLAINTIFF'S NOTICE OF AND MOTION TO ENFORCE SETTLEMENT PURSUANT TO THE TERMS OF THE  STIPULATION OF DISMISSAL AND ENTER JUDGMENT AGAINST DEFENDANTS IN THE AMOUNT OF $120,600.00 PLUS $4,729.19 IN INTEREST AND ATTORNEY FEES IN THE AMOUNT OF $1,700; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LAUREL N. HAAG IN SUPPORT THEREOF;**

**[PROPOSED] ORDER TO ENFORCE THE SETTLEMENT AGREEMENT PURSUANT TO THE PARTIES' STIPULATION OF DISMISSAL AND ORDER RE STIPULATION OF DISMISSAL**

The true copies thereof were enclosed in a sealed envelope and addressed as follows:

**John Vasquez, Defendant in Pro Per**
**15 Corporate Plaza, Suite 110**
**Newport Beach, California 92660**

_____   **ELECTRONICALL**Y) I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

**XX   (BY MAIL)** I am readily familiar with my employer's practice for collection and processing of documents for mailing with the United States Postal Service and that practice is that the documents are deposited with the United States Postal Service with postage fully prepaid the same day as the day of collection in the ordinary course of business.  On this date, I served the above interested parties following my employer's ordinary business practices.

_____   **(BY OVERNIGHT DELIVERY)** I caused such envelope to be delivered via overnight delivery (FedEx) addressed as indicated above for deposit and delivery by The Law Offices of Carlin & Buchsbaum, LLP, following ordinary business practices

_____   **(BY PERSONAL SERVICE)** I caused such envelope to be delivered by hand to the offices of the addressee.

1

___   **(BY FACSIMILE)** I caused such document to be served on all parties to
this action via facsimile at the numbers indicated on the attached service list
pursuant to California Rules of Court, Rule 2006.  The facsimile machine I
used complied with Rule 2003 and no error was reported by the machine.
Pursuant to Rule 2006, I caused the machine to print a transmission record
of the transmission, a copy of which is attached to this document.

2

3

4

__XX__   **(FEDERAL)** I declare under penalty of perjury under the laws of the United
States that the above is true and correct.

5

6

I declare that I am employed in the office of a member of the bar of this
court at whose direction the service was made.

7

8

Executed, April 8, 2014, at Long Beach, California.

9

10                    /s/ Kimberly Kelly

11                    KIMBERLY KELLY, Declarant

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28